**William M. Sonny LANDHAM, III, Plaintiff–Appellant,**

v.

**Kenneth R. TAYLOR, Defendant,**

**United States of America, Defendant–Appellee.**

No. 02–6316.

United States Court of Appeals, Sixth Circuit.

June 23, 2003.

Before: NORRIS, DAUGHTREY, and ROGERS, Circuit Judges.

*ORDER*

William M. Sonny Landham, III, a pro se Kentucky resident, appeals a district court judgment dismissing his civil complaint for slander, libel, and defamation of character. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Landham sued Kenneth R. Taylor, Assistant United States Attorney for the Eastern District of Kentucky, in the Boyd County (Kentucky) Circuit Court. Taylor was involved in the prosecution of Landham on various federal charges. Although

Landham was convicted, his conviction was reversed on appeal by this court. The civil action is based on alleged remarks Taylor made to a local newspaper.

The United States subsequently removed the case to the United States District Court for the Eastern District of Kentucky, following a certification by the U.S. Attorney pursuant to 28 U.S.C. § 2679(d) that Taylor had been acting within the scope of his federal employment. The government asserted that the action therefore became an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671 et. seq. The government argued that the United States was properly substituted as defendant because Landham had brought a common law tort action allegedly committed by a federal employee within the scope of his employment. *See* 28 U.S.C. § 2679(d). The district court subsequently dismissed the case for lack of jurisdiction and for failure to state a claim.

In his timely appeal, Landham asserts that the FTCA is unconstitutional; that Taylor's actions were not within the bounds of his employment; that his complaint was not liberally interpreted; that the trial court abused its discretion by accepting information from the defendant; and that the certificate of employment was not properly signed.

The district court's judgment is reviewed de novo. *See In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (Fed.R.Civ.P. 12(b)(6)); *Joelson v. United States*, 86 F.3d 1413, 1416 (6th Cir.1996) (Fed.R.Civ.P. 12(b)(1)).

Landham contends that the district court erred in accepting the certification under § 2679(d)(2) as it was signed by an assistant United States attorney rather than the United States Attorney General or the United States Attorney. Contrary to Landham's argument, the certificate of employment was signed by the United States Attorney for the Eastern District of

Kentucky, Gregory F. Van Tatenhove. The argument is without merit.

Landham argues that the trial court did not liberally interpret his pro se filings. Landham asserts that the Eastern District of Kentucky is biased and prejudiced against him because he was standing up for his Constitutional rights, was running for governor, and received media exposure for all his legal proceedings. Nothing in Judge Forester's rulings suggest that the judge was personally biased against Landham or in favor of the defendant. *See* 28 U.S.C. § 144. Moreover, Landham presented no legitimate reason to question the judge's impartiality, and the judge's rulings do not reflect any antagonism towards Landham. *See* 28 U.S.C. § 455; *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994); *Reed v. Rhodes*, 179 F.3d 453, 468 (6th Cir.1999). Accordingly, Landham's bias argument is meritless.

As there is no basis for Landham's bias claim, his contention that his filings were not properly construed also fails. Landham's argument is essentially based on the fact that his complaint was dismissed. While courts must apply "less stringent standards" in determining whether pro se pleadings state a claim for which relief can be granted, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), pro se plaintiffs are not automatically entitled to take every case to trial. As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991). No matter how liberally construed, Landham's complaint simply did not state a claim.

Landham next contends that Taylor was not acting within the scope of his employment for the purposes of the FTCA when he made the remarks in question. The United States stands in the shoes of its employees whose "negligent or wrongful

act[s]" in the scope and course of their federal employment cause an injury. 28 U.S.C. § 2679(b)(1). The statute effectively "shields federal employees from liability for common law torts committed within the scope of employment." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1147 (6th Cir.1994). "In the event that the Attorney General has refused to certify scope of office or employment under this section, the employee may at any time before trial petition the court to find and certify that the employee was acting within the scope of his office or employment." 28 U.S.C. § 2679(d)(3). The court reviews questions regarding certification under the FTCA de novo. *See Singleton v. United States*, 277 F.3d 864, 870 (6th Cir.2002).

"[W]hether an employee was acting within the scope of his employment is a question of law, not fact, made in accordance with the law of the state where the conduct occurred." *Id.* Because the scope of employment issue is governed by the law of the state in which the conduct at issue occurred, 28 U.S.C. § 1346(b); *Coleman v. United States*, 91 F.3d 820, 823 (6th Cir.1996), Kentucky law governs that question in this case. To determine whether a particular employee's action is within the scope of employment, Kentucky courts consider the following: 1) whether the conduct was similar to that which the employee was hired to perform; 2) whether the action occurred substantially within the authorized spacial and temporal limits of the employment; 3) whether the action was in furtherance of the employer's business; and 4) whether the conduct, though unauthorized, was expectable in view of the employee's duties. *Coleman*, 91 F.3d at 824.

Applying the facts to the *Coleman* test, we conclude that Taylor was acting within the scope of his employment when he gave the interview to the newspaper reporter.

Taylor's comments were made during an interview, made at his office, during normal business hours. Thus, the action was committed while Taylor was on the job.

As for the furtherance of the employer's business, Taylor's comments were made in response to a press conference which Landham had in which he chastised the government for his convictions. Taylor's comments were in response to that conference. The facts show that Taylor was not using the interview to abuse his position or the power of the United States. Rather, Taylor was attempting to defend the United States. The comments were used to advance the interests of the United States. Thus, Taylor's actions were intended to further his employment duties. As such, Taylor's actions were within the scope of his employment.

It is further noted that the United States Attorney's certification that a federal government employee was acting within the scope of his employment is prima facie evidence that the United States is the proper defendant. *Id.* at 823. When a plaintiff asserts that a public employee acted outside his scope of employment despite the certification, the burden of proof is on the plaintiff to demonstrate that the employee was not acting within the scope of his employment. *See Davric Maine Corp. v. United States Postal Serv.*, 238 F.3d 58, 66 (1st Cir.2001). As Landham did not provide evidence to rebut the United States Attorney's certification, and an analysis of the facts do not contradict the certification, the district court did not err in concluding that the United States was properly substituted as the defendant in this case.

As the United States was properly substituted as the defendant, the FTCA is the only avenue of recovery which Landham has. Under the FTCA, a district court lacks subject matter jurisdiction over a defamation claim against the United

States. 28 U.S.C. § 2680(h). As the FTCA does not recognize a plaintiff's claim for defamation against the United States, the complaint was properly dismissed for lack of subject matter jurisdiction.

Finally, Landham contends that the FTCA violates the Fourth, Fifth, and Eighth Amendments to the United States Constitution. However, these arguments were not raised in the district court. Therefore, they are not reviewable on appeal. *See Foster v. Barilow,* 6 F.3d 405, 407 (6th Cir.1993). In any event they are entirely without merit.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.