NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0591n.06

No. 11-3378

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jun 07, 2012**

LEONARD GREEN, Clerk

NEIL J. FRENGLER,                            )
                                             )        ON APPEAL FROM THE
        *Plaintiff-Appellant*,               )        UNITED STATES DISTRICT
                                             )        C O U R T   F O R   T H E
v.                                           )        NORTHERN DISTRICT OF
                                             )        OHIO
GENERAL MOTORS AND SALIM C. EL-HAYEK,        )
M.D.-FACS                                    )                O P I N I O N
                                             )
        *Defendants-Appellees*.              )


BEFORE:      COLE and CLAY, Circuit Judges;  MATTICE, District Judge.[*]

        COLE, Circuit Judge.  Plaintiff-Appellant Neil Frengler, a long-time employee of Defendant-

Appellee General Motors, sues his former employer for alleged violations of the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*  Over the course of his employment, Frengler

developed a number of physical conditions that limited his capacity to perform the physically-

demanding tasks his job required.  Nevertheless, when Frengler had a physical examination with a

General Motors physician, Defendant-Appellee Dr. Salim El-Hayek, Frengler received clearance to

work full-time without any physical restrictions.  Unable to carry out his work as ordered, Frengler

requested to be placed as a team leader, a job he believed he could adequately perform.  The

Defendants denied this request and allegedly required Frengler to work a job outside his physical

_____

        [*] The Honorable Harry S. Mattice, Jr., United States District Judge for the Eastern District
of Tennessee, sitting by designation.

capacity. Two weeks later, Frengler was hospitalized, allegedly due to work-related injuries, and soon thereafter, General Motors terminated Frengler's employment.

Frengler filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination. After the EEOC gave Frengler a right-to-sue letter, he filed a pro se complaint in the district court for the Northern District of Ohio. This four-sentence complaint alleged that Frengler was required to resume full-time duty without any physical restrictions. The complaint did not cite any legal authority or cause of action, provide any additional facts, or state any claim to relief. The district court found the complaint insufficient in its factual allegations and ordered Frengler to submit an amended complaint "that sets out the facts that support each claim with a description of the 'who, what, when, where and how' of the events at issue . . . ." In doing so, the district court directed Frengler to a guidebook for pro se litigants to assist in the drafting of his amended complaint.

A month later, Frengler filed an amended complaint that the district court again found inadequate. The Defendants filed a motion for judgment on the pleadings and, in granting this motion and dismissing the case, the district court stated that the amended complaint failed to satisfy pleading standards because it was

> not possible . . . to discern the relevant facts from Frengler's amended complaint. With its numerous attachments, the amended complaint spans 81 pages. Frengler captioned the amended complaint to allege violations of the [ADA]. In addition, Frengler quotes from the ADA. Beyond that, there is nothing in any pleading before this Court that resembles allegations that would support a finding that Frengler has been the victim of some form of discrimination.

*Frengler v. General Motors*, LLC, No. 4:10CV225, 2011 WL 1042518, at *1 (N.D. Ohio Mar. 22, 2011). Frengler now appeals the district court's grant of the Defendants' motion for judgment on the pleadings and dismissal of the case as well as the district court's denial of his motion for appointment of counsel.

We review the "grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c) using the same de novo standard of review applicable to orders of dismissal under Rule 12(b)(6)." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). On a Rule 12(c) motion, we must take "all well-pleaded material allegations of the pleadings of the opposing party . . . as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* (quotation marks omitted). A well-pleaded complaint contains "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), such that the plaintiff pleaded sufficient "factual content [to allow] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim under the ADA, the plaintiff must establish that (1) he is disabled, (2) he is qualified to perform the job requirements with or without reasonable accommodation, and (3) he would not have been discharged but for his disability. *See Lewis v. Humboldt Acquisition Corp.*, — F.3d —, 2012 WL 1889389 (6th Cir. May 25, 2012) (en banc); *Donald v. Sybra, Inc.*, 667 F.3d 757, 763 (6th Cir. 2012).

We liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). However, this lenient treatment has limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)

(recognizing this lenient treatment, but noting that "trial and appellate courts should not have to guess at the nature of the claim asserted"); *see also Landham v. Taylor*, 68 F. App'x 608, 609 (6th Cir. 2003) (order); *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (order). Here, Frengler has exceeded these limits: the factual and legal gaps in his amended complaint exceed that which we can accept through even the most liberal construction afforded pro se pleadings. Frengler's amended complaint consists of eighty-one pages of medical bills, medical records, and workers' compensation proceeding records, without any suggestion of a cause of action. Even a pro se pleading must provide the opposing party with notice of the relief sought, and it is not within the purview of the district court to conjure up claims never presented. No matter how liberally construed, Frengler's amended complaint simply does not state a claim upon which relief can be granted. Accordingly, the Defendants are entitled to judgment on the pleadings.

Furthermore, the district court properly denied Frengler's motion for appointment of counsel. Appointment of counsel in a civil case is not a constitutional right, and is considered a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). A district court's order denying appointment of counsel in a civil case is reviewed for an abuse of discretion, and we will reverse only if we are left with "a definite and firm conviction that the trial court committed a clear error of judgment." *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006) (internal quotation marks and citations omitted). Because neither the facts of this case nor the potential legal issues involved are particularly complex, *see Lavado*, 992 F.2d at 605-06, the district court did not abuse its discretion in denying Frengler's motion for appointment of counsel.

Therefore, we AFFIRM the district court's grant of the Defendants' motion for judgment on the pleadings and the denial of Frengler's motion for appointment of counsel.