James CLEGG, Plaintiff–Appellant,

v.

Ricky BELL, Warden, et al.,
Defendants–Appellees.

No. 00–5315.

United States Court of Appeals,
Sixth Circuit.

Feb. 5, 2001.

Before GUY, NORRIS, and SILER,
Circuit Judges.

### ORDER

Pro se Tennessee prisoner James Clegg appeals a district court judgment that dismissed his 42 U.S.C. § 1983 suit as frivolous. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. *See* Fed. R.App. P. 34(a).

Clegg brought suit against various Tennessee Department of Corrections officials, claiming that they violated his due process rights by placing him in administrative segregation as a disciplinary measure following a charge that Clegg committed forgery. Clegg sought monetary damages, a return of sentence-reduction credits he could have earned had he been in the general population of the prison, and a return to his prison job in the print shop.

The district court dismissed Clegg's suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

In his timely appeal, Clegg argues that the district court erred by dismissing his suit because he was entitled to a hearing before being placed in administrative segregation. The defendants have not been served and have not filed a brief.

 As an initial matter, we note that, for the first time in his appellate brief, Clegg raises claims that he lost his right to visit with his family during his time in segregation and that his art supplies were confiscated. Unless unusual circumstances are present, we will not address an issue not first raised in the district court. *See Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1002 (6th Cir.1994). No exceptional circumstances exist in this case.

Upon de novo review, we conclude that the district court properly dismissed the complaint as frivolous pursuant to § 1915(e)(2). *See Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

Clegg's suit lacks an arguable basis in law. First, a prisoner has no inherent constitutional right to remain free of administrative segregation. *See Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Second, Clegg's disciplinary conviction did not result in an atypical and significant hardship on him and nothing suggests that it will inevitably affect the duration of his sentence; therefore, he lacks the liberty interest required for a due process challenge to his conviction. *See Sandin v. Conner*, 515 U.S. 472, 483, 487, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Although Clegg argues that his stay in segregation, occasioned by his disciplinary conviction, precludes his opportunity to earn sentence reduction credits that would lead to an earlier release, such speculative, collateral consequences of a prison disciplinary conviction are insuffi-cient to create a liberty interest. *See Babcock v. White*, 102 F.3d 267, 274 (7th Cir. 1996); *Luken v. Scott*, 71 F.3d 192, 193–94 (5th Cir.1995). Finally, Clegg possesses no right to a specific prison job. *See Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir.1989).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.