*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0237P (6th Cir.)
File Name: 01a0237p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

HOWARD H. STEVERSON,
    *Petitioner-Appellant,*

    v.

PAUL G. SUMMERS,
    *Respondent-Appellee.*

No. 99-5694

Appeal from the United States District Court
for the Middle District of Tennessee at Columbia.
No. 99-00007—Thomas A. Higgins, District Judge.

Argued: January 30, 2001

Decided and Filed: July 25, 2001

Before: NORRIS, SILER, and BRIGHT, Circuit Judges.[*]

———————————

## COUNSEL

**ARGUED:** John S. Colley III, COLLEY & COLLEY, Columbia, Tennessee, for Appellant. Kim R. Helper, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE DIVISION, Nashville, Tennessee, for Appellee.

---

[*]The Honorable Myron H. Bright, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1

**ON BRIEF:** John S. Colley III, COLLEY & COLLEY, Columbia, Tennessee, for Appellant. Kim R. Helper, OFFICE OF THE ATTORNEY GENERAL, CRIMINAL JUSTICE DIVISION, Nashville, Tennessee, for Appellee.

––––––––––––

**OPINION**

––––––––––––

ALAN E. NORRIS, Circuit Judge. Petitioner Howard Steverson appeals the dismissal of his 1999 petition seeking habeas corpus relief from three expired state convictions that were used to enhance his current federal sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). In view of the Supreme Court's recent opinions in *Daniels v. United States*, -- U.S. --, 121 S. Ct. 1578 (2001), and *Lackawanna County District Attorney v. Coss*, -- U.S. --, 121 S. Ct. 1567 (2001), we affirm the district court's dismissal of Petitioner's habeas action for lack of jurisdiction. As we explain below, Petitioner does not meet the "in custody" requirement of habeas petitions since the sentences of the convictions he seeks to challenge have expired.

**I.**

In June, 1998, Petitioner was charged with three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). A jury found Petitioner guilty of each count on January 6, 1999. Three weeks later, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, Petitioner attacked three state convictions from 1981 for robbery with a deadly weapon.[1] Although he had completed the sentences for the state

––––––––––––

[1] Petitioner's three state convictions stemmed from guilty pleas. Petitioner argues in his petition that he did not voluntarily and knowingly enter into those pleas. He further asserts that he did not intentionally relinquish his Fifth Amendment right to be free from compulsory self-incrimination.

convictions on October 30, 1995, Petitioner claimed that he was nevertheless still in custody for purposes of obtaining relief under § 2254 because the United States intended to have his sentence enhanced based on the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA").[2] Indeed, after Petitioner filed his petition, the district court sentenced Petitioner to fifteen years' imprisonment pursuant to § 924(e). Petitioner then successfully moved to amend his petition to reflect that he was no longer simply on bond pending sentencing and that as of May 15, 1999--the date that he was to report to the Bureau of Prisons--he would literally be in custody. Thus, Petitioner sought to challenge his 1981 robbery convictions as unconstitutional, a challenge which, if successful, would require that his current enhanced sentence be vacated.

Upon Respondent's motion, the district court dismissed the petition for lack of jurisdiction. Since the sentences of Petitioner's 1981 convictions had expired, the district court held that Petitioner did not meet the "in custody" requirement of 28 U.S.C. § 2254.

## II.

We apply de novo review to questions of subject matter jurisdiction. *Friends of the Crystal River v. EPA*, 35 F.3d 1073, 1077 (6th Cir. 1994).

### A. *Maleng v. Cook* and the "In Custody" Requirement

For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or

---

[2]Pursuant to 18 U.S.C. § 924(e)(1), a person who is guilty of violating 18 U.S.C. § 922(g) and has "three previous convictions . . . for a violent felony . . . shall be . . . imprisoned not less than fifteen years."

treaties of the United States"). In *Maleng v. Cook*, 490 U.S. 488 (1989) (per curiam), the Supreme Court interpreted this "statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Id.* at 490-91.

In *Maleng*, the respondent, a federal prisoner, filed a § 2254 petition that facially attacked a 1958 Washington state conviction whose sentence had expired. *Id.* at 489-90. The respondent argued that his 1958 conviction had been used illegally to enhance his 1978 state sentences that he would serve immediately following the expiration of a federal sentence that he was currently serving.[3] *Id.* at 490. The Court held that a habeas petitioner does not "remain[] 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction had been used to enhance a subsequent sentence. *Id.* at 492. The Court nevertheless permitted the respondent to proceed on the merits, liberally construing the pro se petition as an attack on the later, 1978 sentence that he had yet to serve. *Id.* at 493. The Court concluded that the respondent met the "in custody" requirement because his later Washington sentence was ensured by a detainer directing him to be returned to Washington authorities when his federal sentence expired. *Id.*

In contrast to the respondent in *Maleng*, Petitioner, though currently in federal custody, is not subject to any unexpired state sentences. Therefore, under the plain language of *Maleng*, Petitioner is not "in custody" for the state convictions that his petition directly challenges. Accordingly, the district court correctly determined that it lacked subject matter jurisdiction to consider Petitioner's § 2254 petition.

---

[3]The petitioner had also alleged that the 1958 conviction had been used to enhance the federal sentence that he was serving at the time he filed. However, since the trial court had not addressed the contention and the petitioner did not press the argument before the Court, the Court did not consider it. *Id.* at 489 n.*.

### III.

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Petitioner's action for lack of subject matter jurisdiction.

Alternatively, after the time for direct or collateral review has expired, a defendant may obtain compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner.

*Coss*, 121 S. Ct. at 1575 (citations omitted).

Neither exception applies to the circumstances of this case.[5] In light of *Daniels* and *Coss*, we affirm the district court's dismissal of Petitioner's § 2254 petition. On its face, the petition challenges the 1981 convictions, convictions for which Petitioner is not "in custody" since their sentences had expired by the time he filed his petition. Accordingly, we lack subject matter jurisdiction to consider his petition. *See Maleng*, 490 U.S. at 490-91. Moreover, even if we were to construe his petition as a § 2255 petition attacking his current federal sentence, the teaching of *Daniels* and *Coss* is clear: Petitioner cannot rely on §§ 2254 or 2255 as vehicles to challenge his prior convictions used to enhance his current federal sentence. Like the petitioner in *Daniels*, Petitioner "is without recourse" because his "prior conviction[s] used to enhance [his] federal sentence [are] no longer open to direct or collateral attack in [their] own right because the defendant failed to pursue those remedies while they were available." *Daniels*, 121 S. Ct. at 1583.

---

[5]We expressly permitted the parties at oral argument to address the court once the Supreme Court issued its decision in *Daniels*. In Petitioner's supplemental filing, as well as in his original brief, he does not challenge his 1981 convictions for robbery on the ground that there was a failure to appoint counsel. Nor does he point to any newfound compelling evidence that he was innocent of the crimes. Petitioner's only response to *Daniels* is to rely generally on the third, fourth, and fifth paragraphs of section II(B) of the majority opinion, the third paragraph of Justice Scalia's concurrence, and footnote 2 to Justice Souter's dissenting opinion. We find nothing in the record or the briefs indicating that the situations described in these paragraphs are apposite to Petitioner's case.

B.  Petitioner's Request for a Liberal Construction of his Petition

To satisfy the "in custody" requirement, Petitioner, through the same counsel who prepared his habeas petition, contends that we should follow subsequent cases that have read *Maleng* as permitting a prisoner to challenge an underlying conviction whose sentence has expired by directly attacking a current sentence that the petitioner is serving and which was enhanced by the expired sentence. In other words, Petitioner asserts that we should construe his petition as an attack on the federal sentence that he is currently serving so that he is deemed "in custody" for purposes of subject matter jurisdiction. Even if we were to construe Petitioner's § 2254 habeas petition as an attack on his current sentence, thus effectively converting it to a § 2255 petition,[4] the United States Supreme Court's decisions in *Daniels* and *Coss*, supra, issued after oral argument in the instant case, foreclose the viability of his argument.

Petitioner correctly notes that the Court in *Maleng* expressly declined to address the issue of whether a habeas petitioner may challenge the constitutionality of a state conviction whose sentence has expired by facially attacking a current sentence that was enhanced by the prior state conviction. *Id.* at 494. Indeed, various circuits addressed the then-unanswered question of *Maleng* and answered in the affirmative. *See Smith v. Farley*, 25 F.3d 1363, 1365-66 (7th Cir. 1994); *Collins v. Hesse*, 957 F.2d 746, 748 (10th Cir. 1992); *Allen v. Collins*, 924 F.2d 88, 89 (5th Cir. 1991). However, these decisions--all of which involved prisoners filing § 2254 petitions since their current, enhanced sentence was also based on a state conviction--as well as any decisions allowing attacks on prior state convictions that have been used to enhance a current federal sentence, have been

---

[4]Title 28 U.S.C. § 2255 is essentially equivalent to § 2254, the former being a postconviction remedy for federal prisoners and the latter available to "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254.

effectively overruled by *Daniels* and *Coss*. Except for a narrow exception, both of these decisions foreclose the ability of a prisoner to challenge a prior, expired conviction with a habeas attack on a current sentence that was enhanced by the prior conviction.

In *Daniels*, the petitioner was convicted under 18 U.S.C. § 922(g) of being a felon in possession of a firearm. *Daniels*, 121 S. Ct. at 1580. Based on his prior state convictions, including two for robbery, the petitioner was adjudged an armed career criminal and his sentence was enhanced under the ACCA. *Id.* After an unsuccessful direct appeal, the petitioner sought habeas corpus relief under 28 U.S.C. § 2255, alleging that his robbery convictions were unconstitutional because the underlying guilty pleas were not entered knowingly and voluntarily. *Id.* at 1580-81. The Ninth Circuit Court of Appeals upheld the district court's denial of the § 2255 motion based on the Supreme Court's decision in *Custis v. United States*, 511 U.S. 485 (1994). *United States v. Daniels*, 195 F.3d 501, 503 (9th Cir. 1999). In *Custis*, the Supreme Court held that a defendant sentenced under the ACCA could not, during his federal sentencing proceeding, collaterally attack previous state convictions used to enhance his federal sentence. *Custis*, 511 U.S. at 497.

In *Coss*, a state prisoner had sought habeas corpus relief under § 2254, alleging that his prior state convictions, which had influenced his current state sentence, were a product of ineffective assistance of counsel. *Coss*, 121 S. Ct. at 1571-72. Although the petitioner had fully served his sentences for the prior state convictions, the Third Circuit Court of Appeals concluded that he could challenge those convictions in a § 2254 petition if they affected his present sentence. *Coss v. Lackawanna County District Attorney*, 204 F.3d 453, 460 (3d Cir. 2000).

Based on the same policy considerations addressed in *Custis*, including concerns about the need for finality of convictions and ease of administration, the Court ruled in *Daniels* and *Coss* that habeas corpus relief under §§ 2254 and

2255 is generally unavailable for prisoners seeking to challenge prior convictions:

> More important for our purposes here is the question we explicitly left unanswered in *Maleng*: "the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] senten[ce] which it was used to enhance." 490 U.S., at 494, 109 S. Ct. 1923. We encountered this same question in the § 2255 context in *Daniels v. United States*, 532 U.S., at ----, 121 S. Ct. 1578. We held there that "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant . . . may not collaterally attack his prior conviction through a motion under § 2255." *Post*, at ----, 121 S. Ct. 1578, 1583. We now extend this holding to cover § 2254 petitions directed at enhanced state sentences.

*Coss*, 121 S. Ct. at 1573.

In both cases, the Court recognized an exception, allowing petitions under §§ 2254 and 2255 "that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainright*, 372 U.S. 335 . . . (1963). " *Id.* at 1574; *see also Daniels*, 121 S. Ct. at 1583. In addition, pluralities from both cases suggested another exception. In *Daniels*, the plurality stated that "there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own." *Daniels*, 121 S. Ct. at 1584. A plurality in *Coss* elaborated:

> It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it.