Larry LEWIS, Petitioner–Appellant,

v.

Michael P. RANDLE, Warden, Respondent–Appellee.

No. 01–3817.

United States Court of Appeals, Sixth Circuit.

March 4, 2002.

Before MOORE, COLE, and FARRIS,* Circuit Judges.

### ORDER

Larry Lewis, a pro se Ohio prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2254 petition for lack of subject matter jurisdiction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 1989, Lewis pleaded guilty to two counts of rape and two counts of kidnaping, and the court sentenced him to a total of seven to twenty-five years of imprisonment. Thereafter, the trial court informed Lewis of its intent to classify him as a sexual predator, and Lewis filed a

"Motion to Exclude Defendant from the Application of O.R.C. § 2950.04" (Ohio Sexual Predator law). In March 1997, the trial court issued an order wherein Lewis was determined to be a sexual predator in accordance with O.R.C. § 2950. The First Judicial District Court of Appeals for Hamilton County, Ohio affirmed the trial court's findings, and the Supreme Court of Ohio affirmed the decision.

In July 1999, Lewis filed his § 2254 petition, arguing that: 1) the Ohio sexual predator law constitutes an ex post facto violation; 2) the application of the law constitutes a double jeopardy violation; 3) the application of the law violates his equal protection rights; and 4) the application of the law violates his right to due process. Upon review, a magistrate judge filed a report recommending that the district court dismiss the petition because Lewis did not meet the "in custody" requirement for federal habeas corpus jurisdiction. Over Lewis's objections, the district court adopted the magistrate judge's recommendation and dismissed the petition. The district court granted Lewis a certificate of appealability as to whether Lewis's claims challenging the classification, registration and community notification provisions of Ohio's Sexual Predator statute are cognizable in a federal habeas action.

Lewis has filed a timely appeal, essentially arguing that he is entitled to raise his claims in a § 2254 proceeding and that his claims are meritorious. He has also filed a motion for the appointment of counsel.

■ Upon review, we conclude that the district court properly dismissed Lewis's § 2254 petition. *Steverson v. Summers,* 258 F.3d 520, 522 (6th Cir.2001). For a federal court to grant § 2254 relief, the

---

* The Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

petitioner must be in custody pursuant to the judgment of a state court. *Id.* (*citing* 28 U.S.C. § 2254(a)). Although a petitioner need not be physically confined as a result of the challenged state action in order to satisfy the "in custody" requirement, the actual or potential restraint on his liberty must be severe and immediate, such as occurs when he is released subject to certain conditions and restrictions on parole, probation or bail. *See Maleng v. Cook*, 490 U.S. 488, 491, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 894 (2d Cir.1996).

The district court properly concluded that Lewis was not "in custody" for the purpose of his current § 2254 habeas petition. Lewis does not seek to attack the conviction or sentence upon which his current confinement is based. Rather, he is challenging the constitutionality of Ohio's Sexual Predator law, under which he was classified as a "sexual predator." Because Lewis is not in custody under the judgment that he has challenged in this § 2254 petition, the district court properly dismissed the petition for lack of jurisdiction. *See Maleng*, 490 U.S. at 490–91, 109 S.Ct. 1923; *see also Henry v. Lungren*, 164 F.3d 1240, 1241–42 (9th Cir.1999) (holding that a mandatory sex offender registration requirement, even if required to be done at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary for finding that a petitioner is in custody); *Williamson v. Gregoire*, 151 F.3d 1180, 1184 (9th Cir. 1998) (same).

Accordingly, we deny the appointment of counsel and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.