**Lewis BROWN, Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 01–3021.

United States Court of Appeals,
Sixth Circuit.

Sept. 8, 2003.

Lewis Brown, Pro Se, Estill, SC, for Petitioner–Appellant.

Samuel A. Yannucci, Asst. U.S. Attorney, U.S. Attorney's Office, Akron, OH, for Respondent–Appellee.

Before MERRITT, MOORE, and GILMAN, Circuit Judges.

### ORDER

Lewis Brown, an Ohio state prisoner, appeals a district court judgment denying his motion to vacate judgment filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, a federal jury found Brown guilty of conspiring to traffic cocaine in violation of 21 U.S.C. § 846, carrying a firearm during and in relation to a drug offense in violation of 18 U.S.C. § 924(c), and possessing cocaine with intent to distribute it in violation of 18 U.S.C. § 841(a)(1) & (b)(1)(B). The district court sentenced Brown to 360 months of imprisonment for the drug convictions and to 60 months of imprisonment for the firearm offense, to be followed by 8 years of supervised release. This court affirmed Brown's judgment of conviction and sentence. *United States v. Brown,* No. 97–4121, 1999 WL 486624 (6th Cir. June 30, 1999), *cert. denied,* 528 U.S. 1177, 120 S.Ct. 1210, 145 L.Ed.2d 1112 (2000).

In his initial motion to vacate sentence. Brown claimed that: 1) trial counsel rendered ineffective assistance; 2) insufficient evidence supports his conviction for carrying a firearm during a drug offense; 3) the district court incorrectly failed to apply certain downward sentencing departures; and 4) appellate counsel rendered ineffective assistance. Before the government

responded to his original motion, Brown filed a "motion for supplement," in which he added that: 1) he should be allowed additional discovery; 2) insufficient evidence supports his conviction for conspiracy to traffic cocaine; 3) trial counsel rendered ineffective assistance for additional reasons; 4) appellate counsel rendered ineffective assistance for additional reasons; 5) the conspiracy count failed to allege critical elements of the offense; 6) the possession count failed to allege critical elements of the offense; and 7) he should have been allowed to collaterally attack, at sentencing, the prior state convictions upon which depends his status as a career offender.

The district court examined each of the foregoing grounds for relief, denied Brown's motion to vacate, and granted Brown a certificate of appealability with respect to his claim on the issue of whether Brown may, in this § 2255 proceeding, collaterally attack the prior state court convictions upon which his status as a career offender depends. The district court declined to grant Brown a certificate of appealability with respect to any remaining claims.

This court denied Brown a certificate of appealability as to any issue not certified by the district court because Brown had not made a substantial showing of the denial of a federal constitutional right with respect to those issues. *See* 28 U.S.C. § 2253(c)(2); *cf. Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Thus, the only issue certified for appeal is whether Brown may, in this § 2255 proceeding, collaterally attack the prior state court convictions upon which his status as a career offender depends.

In order to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley,* 512 U.S. 339, 348, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994); *United States v. Todaro,* 982 F.2d 1025, 1028 (6th Cir.1993). In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999).

Brown's contention is meritless. Brown contends that he should have been allowed, at sentencing, and should also be allowed now, to collaterally attack two prior Maryland state court drug convictions. He asserts that: 1) one of his prior convictions is unconstitutional because his plea was not knowing and voluntary; 2) the other prior conviction is unconstitutional because he had ineffective assistance of counsel; and 3) therefore, the district court's conclusion that he is a career offender is based on an incorrect premise.

Brown's claim of a right to attack the constitutionality of his prior state convictions in the context of his § 2255 proceeding has been expressly addressed and rejected by this court. *Turner v. United States,* 183 F.3d 474, 477 (6th Cir.1999). Moreover, in *Daniels v. United States,* 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001), the Supreme Court held that a prisoner could not rely on § 2255 as a vehicle through which to challenge his prior state convictions used to enhance federal sentences. *See Daniels,* 532 U.S. at 378–79, 121 S.Ct. 1578 (deciding issue in the context of a § 2255 petition directed at attacking federal sentence). Like the petitioner in *Daniels,* Brown is without recourse because his prior convictions used to enhance his federal sentence are no longer open to direct or collateral attack in

their own right because Brown failed to pursue those remedies while they were available. *See Daniels,* 532 U.S. at 382, 121 S.Ct. 1578; *accord Steverson v. Summers,* 258 F.3d 520 (6th Cir.2001).

Brown contends that he fits within the exceptions to the foregoing rule. In *Daniels,* the Court recognized an exception, allowing petitions under § 2255 that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). *Daniels,* 532 U.S. at 382, 121 S.Ct. 1578. The court also recognized a "rare" case in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own.

The first exception to the general prohibition does not apply to Brown because he does not claim that he was denied counsel pursuant to *Gideon;* rather, he contends that one conviction was the result of counsel's ineffectiveness and the other conviction was the result of an unknowing and involuntary guilty plea. Thus, it appears clear that Brown had the assistance of counsel in both state court prosecutions. The second exception does not apply to Brown either. He argues that he was prevented from pursuing remedies with respect to his state convictions due to his deportation to Jamaica. Brown's absence, however, did not adversely affect his ability to pursue his state court remedies while they were available.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C). Rules of the Sixth Circuit.