William CUMMINGS, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 03–3143.

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

William Cummings, pro se, Cumberland, MD, for Petitioner–Appellant.

Nancy Kelly, Cleveland, OH, for Respondent–Appellee.

Before BATCHELDER and SUTTON, Circuit Judges; and BELL, District Judge.*

## ORDER

William Cummings appeals pro se from a district court judgment that denied a motion to vacate his sentence filed under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Cummings pleaded guilty to possessing cocaine base for intended distribution, in violation of 21 U.S.C. § 841(a)(1). On June 20, 2001, he was sentenced to 240 months of imprisonment and ten years of supervised release. He did not file a direct appeal.

In his § 2255 motion, Cummings primarily alleged that he had been denied the effective assistance of counsel. The district court found that his claims were lacking in substantive merit and denied the motion on December 9, 2002. It is from this judgment that Cummings now appeals.

We review the denial of a § 2255 motion *de novo*, while examining the district court's factual findings for clear error. *Wright v. United States*, 182 F.3d 458, 463 (6th Cir.1999).

Cummings alleged that his attorney did not file a direct appeal on his

---

* The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

behalf, even though he had asked counsel to do so. To prevail on this claim, Cummings must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged error. *See Roe v. Flores–Ortega,* 528 U.S. 470, 476–77, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). An attorney's performance is deficient if he does not file an appeal when his client specifically asks him to do so. *Id.* at 477, 120 S.Ct. 1029. However, the district court did not commit clear error by crediting counsel's affidavit, insofar as it indicated that Cummings had not asked him to file an appeal. *See Regalado v. United States,* 334 F.3d 520, 526 (6th Cir.2003), *petition for cert. filed* (U.S. Oct. 6, 2003) (No. 03–6854).

Cummings now argues that his attorney failed to consult with him regarding the feasibility of an appeal. However, the district court properly found that counsel's performance was not deficient in this regard, as Cummings had received the benefit of his plea bargain and his other claims did not raise viable grounds for appeal. *See generally Roe,* 528 U.S. at 480, 120 S.Ct. 1029.

■ Cummings alleged that counsel should have challenged the enhancement of his sentence, as the government had not filed a timely notice of his prior conviction under 21 U.S.C. § 851. This claim would not have succeeded on appeal because the plea agreement and plea colloquy both plainly indicated that Cummings had been notified of the enhancement and had waived his right to challenge it. *See United States v. Layne,* 192 F.3d 556, 576 (6th Cir.1999).

■ Cummings next alleged that his attorney should have challenged the validity of the prior conviction that was used to enhance his sentence. However, the presentence report shows that Cummings was represented by counsel in his prior case.

Thus, there were no viable grounds for challenging the use of that conviction to enhance his current sentence under § 851. *See Steverson v. Summers,* 258 F.3d 520, 522–25 (6th Cir.2001).

■ Finally, Cummings alleged that his attorney incorrectly advised him that he could receive a mandatory life sentence if he were convicted at trial. The district court properly rejected this claim because his sentence enhancement was based on a prior plea to a three-count indictment and each of those offenses could have been considered separately under 21 U.S.C. § 841(b)(1)(A). *See United States v. Hughes,* 924 F.2d 1354, 1360–61 (6th Cir. 1991). Thus, counsel eliminated the risk of a statutorily mandated life sentence by negotiating Cummings's plea agreement.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.