**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0211n.06
Filed: March 28, 2006

No. 05-1411

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MARVIN DEWAYNE HUGHES,
    *Petitioner-Appellant,*

v.

THOMAS BIRKETT, WARDEN,
    *Respondent-Appellee.*

On Appeal from the
United States District Court for
the Eastern District of Michigan

_____/

Before: KENNEDY and GIBBONS, Circuit Judges; DONALD, District Judge[*]

**Kennedy, J.** Marvin Hughes (Petitioner) asks this court to review the district court's grant

of summary judgment to the Michigan Department of Corrections (MDOC) in his petition for a writ

of habeas corpus. Because the duration of Petitioner's time in custody will not be decreased should

his petition succeed, we hold that he is not "in custody" for the purposes of 28 U.S.C. § 2554 and

that we lack jurisdiction to hear his petition.

**BACKGROUND**

Petitioner is currently incarcerated by the MDOC. He filed a pro se petition for a writ of

habeas corpus on April 20, 2001, challenging a July 1995 prison discipline conviction for the major

misconduct of assault and battery.[1] Asserting that his due process rights were violated, he

---

[*]The Honorable Bernice Bouie Donald, United States District Judge for the Western District
of Tennessee, sitting by designation.

[1]For the conviction, he received thirty days of detention, which he has already served, and
the forfeiture of five days of accumulated disciplinary credit. The conviction also meant that he was

challenges that conviction by relying on evidence referenced by this court in *Perry v. McGinnis*, 209 F.3d 597, 606 (6th Cir. 2000).[2] Petitioner seeks expungement of the conviction and restoration of the disciplinary credits he lost as a result of the conviction.

Subsequent to the conviction at issue here, Petitioner was found guilty of multiple other major misconduct violations, which resulted in the forfeiture of all of his accumulated disciplinary credit. Furthermore, on April 19, 2000, Petitioner was found guilty of a major misconduct for which the warden ordered sixty days of earned disciplinary credit forfeited. Petitioner had five available days to forfeit.

This case was referred to a magistrate judge who found that Petitioner did not satisfy the "in custody" requirement of 28 U.S.C. § 2554, because his subsequent major misconduct convictions meant that at the time that he filed his petition, even if his conviction for the 1995 major misconduct was expunged, he would not be able to leave the custody of the MDOC any sooner. Thus he could not show that he was in custody, and the federal court was, therefore, without jurisdiction. The

---

not entitled to five days of regular disciplinary credit for the month of July and that he could not be granted two days of special disciplinary credit for that month. In total, he lost five days of accumulated disciplinary credit and seven days that he could have accumulated had he not been convicted of the major misconduct.

[2]In *Perry*, we reversed a district court's grant of summary judgment to the MDOC. *Id*. at 602. We also discussed evidence of an MDOC expectation that "the not guilty/dismissal rate [for hearing officers] should not rise above 10%." *Id*. at 606. It is important to note that this court did not make any factual findings with respect to the MDOC's alleged policy in *Perry* since it was before us on summary judgment. The case dealt with claims by a hearing officer for race discrimination and violation of First Amendment rights by the MDOC. *See Perry*, 209 F.3d at 607-08. Whether the Deputy Director's concern with the facility dismissal rate going above a certain percentage was based on a concern that corrections officers were handing out disciplinary charges without sufficient reason or based on a concern that hearing officers needed to convict more often, could not be resolved on summary judgment.

2

district court adopted the findings of the magistrate over Petitioner's objections. Petitioner now asks this court to review his case.

## ANALYSIS

We review a district court's decision on subject matter jurisdiction de novo. *Steverson v. Summers,* 258 F.3d 520, 522 (6th Cir. 2001) A federal constitutional violation in a prison misconduct proceeding that results in the loss of good time credit can only be remedied through a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). "For a federal court to have jurisdiction to grant a petition for a writ of habeas corpus under § 2254, a petitioner must be "in custody pursuant to the judgment of a State court." *Steverson,* 258 F.3d at 522 (quoting 28 U.S.C. § 2254(a)). *See also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States"). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court,* 411 U.S. 345, 351 (1973) (holding that a petitioner who had been released on his own recognizance pending the execution of sentence was "in custody" for the purposes of federal habeas corpus). Prisoners are "in custody" for the purposes of 28 U.S.C. § 2254 if they "alleged that the deprivation of their good-conduct-time credits was causing or would cause them to be in illegal physical confinement, i.e., that once their conditional-release date had passed, any further detention of them in prison was unlawful . . . ." *Preiser*, 411 U.S. at 487. Thus, in order for this court to have jurisdiction over Petitioner's claim, the loss of good time credit he alleges must result in him being confined for longer than he otherwise would be.

3

We hold that in this circumstance, Petitioner was not in custody for the purposes of the statute when he filed his petition. The record indicates that Petitioner was ordered to forfeit 55 days more good time credit than he had in April of 2000, one year prior to his filing of the case. If petitioner's July 1995 major misconduct conviction had never occurred, he would have forfeited all good time (both accumulated and potential) that he lost as a result of the July 1995 conviction in April of 2000. Because of this indisputable fact, the length of Petitioner's incarceration is no longer than it would have been had he not been convicted of the major misconduct in July of 1995.

Although his length of incarceration will not change because of his July 1995 conviction, Petitioner points out that M.C.L. § 800.33(10) indicates that his situation would have been different had he not been convicted of the major misconduct. Pursuant to M.C.L. § 800.33(10):

> [t]he warden, as a reward for good conduct, may restore to a prisoner the whole or any portion of the good time or disciplinary credits forfeited because of a finding of guilty for a major misconduct. However, forfeited good time or disciplinary credits shall not be restored without the recommendation of the disciplinary credit committee or good time committee and the prior written approval of the deputy director in charge of the bureau of correctional facilities or the deputy director in charge of the bureau of field services.

M.C.L. § 800.33(10) also indicates that "[d]isciplinary credits or good time allowances *that have not been earned* because of institutional misconduct shall not be restored." *Id*. (emphasis added). This court understands Petitioner's argument to be that although he would have forfeited the good time credits due to subsequent major misconduct convictions, the credits that he could have earned in July had he not been convicted of the major misconduct, including the five days automatically given if he had no disciplinary violations and the two additional days of special disciplinary credit, would be available for restoration. Because he never earned the credits as a result of his major misconduct conviction in July, those credits cannot be restored under the statute. Thus, Petitioner

4

argues that he has a liberty interest in the credits that he would have earned in July because, although he would have forfeited them as a result of later proceedings, had he earned them, the warden would have the discretion to restore them.

Although Petitioner's argument is creative, we hold that speculation on future restoration of good time credit is not enough to satisfy the "in custody" requirement of 28 U.S.C. § 2254. The Supreme Court has indicated that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). In addition in unpublished opinions we have held that "due process rights are not implicated by [the] inability to earn disciplinary credits. The loss of an opportunity for earning disciplinary credits is a speculative, collateral consequence of a prison disciplinary conviction insufficient to create a liberty interest." *Underwood v. Luoma,* 107 Fed.Appx. 543, 545 (6th Cir. 2004) (unpublished) (citing *Luken v. Scott,* 71 F.3d 192, 193-94 (5th Cir.1995); *Babcock v. White,* 102 F.3d 267, 274 (7th Cir.1996)); *Clegg v. Bell,* 3 Fed.Appx. 398, 399 (6th Cir. 2001) (unpublished) ("Although Clegg argues that his stay in segregation, occasioned by his disciplinary conviction, precludes his opportunity to earn sentence reduction credits that would lead to an earlier release, such speculative, collateral consequences of a prison disciplinary conviction are insufficient to create a liberty interest."); *Watson v. McClanahan*, No. 99-6124, 2000 WL 922899, *2 (6th Cir. June 27, 2000) (unpublished) ("Further, although Watson argues that his stay in segregation . . . precludes his opportunity to earn sentence reduction credits that would lead to an earlier parole, such speculative consequences of a prison disciplinary conviction are insufficient to create a liberty interest.").

5

In this case, even if Petitioner had accumulated good time credit during the month of his conviction, in order for that credit to be restored, multiple MDOC officials would have to exercise their discretion and determine that Petitioner earned the right to have it restored. Because his interest in that time is speculative, in that it is contingent on the discretionary decisions of those MDOC officials, Petitioner can not be said that he has been deprived of a liberty interest by failing to accumulate time that he would then have lost as a result of his later misconduct convictions. Thus, because Petitioner can not claim that he was deprived of a liberty interest in those credits, he was not "in custody" when he filed his petition for a writ of habeas corpus, and this court lacks jurisdiction over his petition.

**CONCLUSION**

For the foregoing reasons, we **DISMISS** the writ for lack of jurisdiction.