RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0011p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

IN RE: MARCUS DEANGELO LEE, a.k.a. Marcus DeAngelo Jones,

           *Movant*.

No. 17-6038

---

On Motion to Authorize the Filing of a Second or
Successive Application for Habeas Corpus Relief.

United States District Court for the Western District of Tennessee at Memphis.
No. 2:16-cv-02932—Sheryl H. Lipman, District Judge.
.

Decided and Filed: January 17, 2018

Before: McKEAGUE, KETHLEDGE, and THAPAR, Circuit Judges.

---

## LITIGANT

**ON MOTIONS:** Marcus DeAngelo Lee, Springfield, Missouri, pro se.

---

## ORDER

---

PER CURIAM. Marcus DeAngelo Lee pleaded guilty to three crimes in Tennessee state court, served his sentences, and was released from state custody in 1998. *State v. Lee*, No. W2016-00107-CCA-R3-CD, 2017 WL 416292, at *1–2 (Tenn. Crim. App. Jan. 31, 2017). Twenty years later and while serving time in federal prison for a subsequent crime, Lee asks this court for permission to file a second § 2254 petition attacking his state convictions. *See* 28 U.S.C. § 2244(b). He also moves to remand the action to the district court. But the federal courts lack subject-matter jurisdiction over Lee's petition regardless of whether he can meet § 2244(b)'s requirements, so we deny both motions. *See Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Although we do not scrutinize the statutory timeliness of a habeas petition at this stage, *In re McDonald*, 514 F.3d 539, 543 (6th

Cir. 2008), we can—and must—determine whether we have subject-matter jurisdiction over a case before proceeding at all. *Answers in Genesis*, 556 F.3d at 465 ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*.").

The statute that authorizes district courts to entertain state prisoners' habeas petitions expressly limits their jurisdiction to petitions filed by persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Thus, a district court may consider a prisoner's petition only if he files it while "'in custody' under the conviction or sentence under attack." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam). Lee is no longer in custody pursuant to the state judgment he seeks to attack because the sentences for his state convictions expired in 1998, including any term of parole or supervised release those convictions imposed. *Lee*, 2017 WL 416292, at *2; *see Maleng*, 490 U.S. at 491 (explaining that a habeas petitioner is not "in custody" when the sentence for the challenged conviction "has fully expired" (emphasis omitted)); *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (explaining that post-release restraints such as probation can count as "custody" under the habeas statutes).

Moreover, that Lee's state convictions resulted in an enhanced federal sentence does not affect our custody analysis. The Supreme Court has made clear that a petitioner is not "in custody" under a conviction "whose sentence has fully expired at the time his petition is filed," even if "that conviction has been used to enhance the length of a current or future sentence imposed for a subsequent conviction." *Maleng*, 490 U.S. at 491; *see also Steverson v. Summers*, 258 F.3d 520, 522–23 (6th Cir. 2001). If Lee wishes to pursue collateral relief, he is limited to challenging his federal conviction and sentence. *See Maleng*, 490 U.S. at 492–93.

Accordingly, we **DISMISS** Lee's motion for an order authorizing a second or successive § 2254 petition. We also **DENY** Lee's other pending motion as moot.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk