Max R. ERWIN, Sr., Petitioner–
Appellant,

v.

Ron EDWARDS, Respondent–Appellee.

No. 01–3387.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2001.

Before KENNEDY, MOORE, and
COLE, Circuit Judges.

*ORDER*

Pro se Ohio prisoner Max R. Erwin, Sr., appeals a district court judgment that dismissed his 28 U.S.C. § 2254 petition for lack of subject matter jurisdiction. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1993, an Ohio jury convicted Erwin of felonious sexual penetration and gross sexual imposition. The court sentenced him to eight to twenty-five years of imprisonment.

In March 2000, Erwin filed the instant § 2254 petition. He challenged an April 1999 state court judgment entry that designated him as a sexually-oriented offender. He claimed that the state court judgment violated the Double Jeopardy, Ex Post Facto, Due Process, and Equal Protection Clauses of the Constitution. The district court dismissed the petition for lack of jurisdiction, concluding that Erwin had not met the "in custody" requirement for seeking § 2254 relief. The district court thereafter granted Erwin a certificate of appealability on the following issues: (1) whether Erwin was "in custody" for the purposes of § 2254 and (2) whether Erwin's § 2254 petition should have been construed as a 42 U.S.C. § 1983 suit.

In his timely appeal, Erwin moves the court for oral argument and argues the issues certified as appealable by the district court. Both parties have filed briefs.

Erwin's motion for oral argument is denied. This court does not honor requests for oral arguments by pro se litigants as it does requests by counsel.

Questions of subject matter jurisdiction are reviewed de novo. *Steverson v. Summers,* 258 F.3d 520, 522 (6th Cir.2001). For a federal court to grant § 2254 relief, the petitioner must be in custody pursuant to the judgment of a state court. *Id.* (citing 28 U.S.C. § 2254(a)). Erwin is simply not in custody under the judgment that he has challenged in this § 2254 petition; thus, the district court properly dismissed the petition for lack of jurisdiction. *See Maleng v. Cook,* 490 U.S. 488, 490–91, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989); *see also Henry v. Lungren,* 164 F.3d 1240, 1241–42 (9th Cir.) (holding that a mandatory sex offender registration requirement, even if required to be done at the police station, does not constitute the type of severe, immediate restraint on physical liberty necessary for finding that a petitioner is in custody), *cert. denied,* 528 U.S. 963, 120 S.Ct. 397, 145 L.Ed.2d 309 (1999); *Williamson v. Gregoire,* 151 F.3d 1180, 1184 (9th Cir.1998) (same).

We conclude that the district court did not err in dismissing the § 2254 petition for lack of subject matter jurisdiction,

rather than construing the filing as a § 1983 suit. Although liberal construction requires active interpretation of the filings of a pro se litigant, *Franklin v. Rose,* 765 F.2d 82, 85 (6th Cir.1985), it has limits. Liberal construction does not require a court to conjure allegations on a litigant's behalf, *see Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989), and a pleading must provide notice to the opposing party of the relief sought. *See Vector Research, Inc. v. Howard & Howard Attorneys P.C.,* 76 F.3d 692, 697 (6th Cir.1996). Erwin's pleadings sought § 2254 relief, and the district court was not required to prosecute a § 1983 suit on Erwin's behalf.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.