**Donald D. SPENCE, Petitioner–Appellant,**

**v.**

**UNITED STATES of America, Respondent–Appellee.**

No. 01–5624.

United States Court of Appeals, Sixth Circuit.

June 26, 2003.

Before CLAY and ROGERS, Circuit Judges; and COFFMAN, District Judge.*

ROGERS, Circuit Judge.

On April 4, 2000, Donald Spence was sentenced by the United States District Court for the Western District of Tennessee to 228 months in prison, followed by five years of supervised release. Spence did not pursue a direct appeal of his sentence. Spence now appeals the district court's denial of his motion to set aside his sentence under 28 U.S.C. § 2255. Because the record does not show that Spence instructed his counsel to appeal, he

---

* The Honorable Jennifer B. Coffman, United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

has not established a Sixth Amendment violation. We, therefore, affirm.

## FACTS

Donald Spence pleaded guilty to six counts of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c); and one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). In connection with these crimes, Spence was sentenced to 228 months in prison and a five-year period of supervised release. Spence did not file a direct appeal.

On November 27, 2000, Spence filed a *pro se* motion to set aside his sentence under 28 U.S.C. § 2255, alleging, *inter alia*, that his counsel was ineffective in failing to file an appeal regarding Spence's conviction and his sentence. The district court concluded that Spence failed to allege that he directed his attorney to file an appeal and that Spence's Sixth Amendment rights were not, therefore, violated by his attorney's failure to file an appeal. On February 8, 2002, we granted Spence a certificate of appealability to determine a single issue: "whether—in light of *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998)–the district court erred by denying Spence's § 2255 motion."

## STANDARD OF REVIEW

"In reviewing a district court's denial of a motion under Section 2255, we apply a clearly erroneous standard to its factual findings and review its conclusions of law de novo." *Hyatt v. United States*, 207 F.3d 831, 832 (6th Cir.2000).

## ANALYSIS

While Spence raised numerous challenges to his sentence, our inquiry examines only whether the failure of Spence's attorney to file an appeal violated Spence's rights under the Sixth Amendment. The now-familiar *Strickland* test requires that a defendant claiming ineffective assistance of counsel show (1) that counsel's representation "fell below an effective standard of reasonableness" and (2) that counsel's deficient performance prejudiced the defendant. *Roe*, 528 U.S. at 476–77; *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under this standard, "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable," while a lawyer who does not file an appeal based on a defendant's explicit instructions to forgo an appeal acts in a professionally reasonable manner. *Roe*, 528 U.S. at 477; *see also Ludwig*, 162 F.3d at 459 (holding that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment"). Where the defendant does not explicitly instruct an the attorney either way, an attorney "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal ... or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. If an attorney consults with the defendant, his performance will be professionally unreasonable only if the attorney fails to follow the defendant's express instructions with respect to an appeal. *Id.* at 478. If the attorney failed to consult with the defendant, we must consider whether the attorney's failure to advise the defendant constitutes deficient performance. *Id.*

Here, the district court concluded that Spence failed to allege that he had instructed his attorney to appeal. While the district court did not expressly consider whether Spence's attorney discussed the possibility of an appeal with Spence, it is clear from the record that such a consultation occurred. Indeed, Spence repeatedly acknowledges that he and his attorney discussed the possibility of filing an appeal. *See* J.A. at 17, 22, 28, 40. Given that Spence's attorney consulted with him regarding the possibility of an appeal, the attorney's performance may be found professionally unreasonable only if the attorney failed to follow an express instruction from Spence to file an appeal. *See Roe*, 528 U.S. at 478. We agree with the district court that Spence did not allege that he expressly instructed his attorney to file an appeal, and we, therefore, affirm the district court's denial of Spence's motion.

As noted earlier, Spence proceeded *pro se* in this matter. Accordingly, we apply a less stringent standard to his petitions than we would apply to pleadings filed by a lawyer. *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir.1985) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). The lower standard "requires active interpretation ... to construe a pro se petition 'to encompass any allegation stating federal relief.'" *Id.* (quoting *White v. Wyrick*, 530 F.2d 818, 819 (8th Cir.1976)). This standard, however, has limits and does not require the court to speculate about basic facts that could easily be alleged by the petitioner. *See Erwin v. Edwards*, No. 01–3387, 2001 WL 1556573, at *1, 22 Fed.Appx. 579 (6th Cir. Dec. 4, 2001) (unpublished); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989) ("Neither [the Supreme] Court nor other courts ... have been willing to abrogate basic pleading essentials in *pro se* suits.").

Despite the relaxed standard applied to *pro se* petitions, Spence's motion fails. Nowhere in Spence's motion or the accompanying memorandum of law does Spence allege that he instructed—much less expressly instructed—his attorney to file an appeal. At best, the statements cited by Spence demonstrate only discussions with his attorney regarding the possibility of an appeal.[1] Consequently, Spence's attorney did not act in a professionally unreasonable manner by failing to file an appeal. The conduct of Spence's attorney cannot, therefore, establish cause to excuse the procedural default of his claims.

### CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Spence's motion.

CLAY, Circuit Judge, dissenting.

I respectfully dissent from the majority opinion. Under the Supreme Court's decision in *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and this Court's decision in *Ludwig v. United States*, 162 F.3d 456, 459 (6th

---

1. We cannot conclude that Spence had to have requested or expressed his desire to appeal from speculation that otherwise Spence's attorney would have had no reason to consult with Spence about the prospects of a possible appeal. Spence's attorney may well have advised Spence about his appeal without a request because routinely advising clients regarding their appeal rights is good practice. *See Roe*, 528 U.S. at 479. Further, where the attorney has consulted with the defendant, "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's *express instructions* with respect to an appeal." *Id.* at 478 (emphasis added). Neither Spence's § 2255 motion nor the memorandum in support alleges that Spence expressly instructed his attorney to appeal. Rather, the only such claim is stated in Spence's reply brief on appeal, which comes too late.

Cir.1998), Petitioner, Donald D. Spence, has sufficiently demonstrated that he was denied his Sixth Amendment right to the effective assistance of counsel due to his counsel's failure to file an appeal on Petitioner's behalf. Thus, Petitioner's motion brought pursuant to 28 U.S.C. § 2255 should be granted and Petitioner should be allowed to file a delayed appeal. In the alternative, I would remand Petitioner's case to the district court for an evidentiary hearing.

## A. Background of *Roe v. Flores–Ortega* and *Ludwig v. United States*

Inasmuch as this Court granted Petitioner's application for a certificate of appealability as to the single issue of whether—in light of *Roe v. Flores–Ortega,* and *Ludwig v. United States*—the district court erred by denying Petitioner's § 2255 motion, it is necessary to thoroughly examine the holdings of these cases.

To prevail on a motion brought pursuant to § 2255 alleging a constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Schledwitz v. United States,* 169 F.3d 1003, 1011 (6th Cir.1999). In this case, Petitioner alleges that he was denied his Sixth Amendment right to the effective assistance of counsel when his counsel failed to file an appeal on Petitioner's behalf despite Petitioner's request for an appeal. "The Sixth Amendment entitles a criminal defendant to effective assistance of counsel on direct appeal." *Hudson v. Hunt,* 235 F.3d 892, 895 (4th Cir. 2000); *see also Ludwig v. United States,* 162 F.3d 456, 459 (6th Cir.1998). To prevail on a claim for ineffective assistance of counsel, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that counsel's deficient performance prejudiced the defendant. *Strickland v. Wash-*

*ington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

In *Ludwig,* this Court joined all of its sister circuits that had addressed the issue, and held that "the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." 162 F.3d at 459. The *Ludwig* court explained that when a criminal defense lawyer fails to file an appeal against the instructions of his client, "application of the *Strickland* prejudice component is inappropriate because it means 'that the defendant never receives the benefit of a lawyer's services in constructing potential appellate arguments.' Prejudice must be presumed." *Id.* (quoting *Castellanos v. United States,* 26 F.3d 717, 718 (7th Cir.1994)). The *Ludwig* court further explained that

> [a] lawyer's failure to file a requested appeal at the behest of a defendant is particularly problematic because it does not merely deprive the defendant of effective assistance of counsel, it deprives him of the assistance of any counsel altogether. Thus, the failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal.

*Id.* The Court emphasized, however, that a defendant's "actual 'request'" is a critical element of the Sixth Amendment analysis inasmuch as "[t]he Constitution does not require lawyers to advise their clients of the right to appeal. Rather, the Constitution is only implicated when a defendant actually requests an appeal, and his counsel disregards the request." *Id.* (citing *Morales v. United States,* 143 F.3d 94, 97 (2d Cir.1998); *Castellanos,* 26 F.3d at 719).

About two years after this Court decided *Ludwig,* the Supreme Court clarified the application of the *Strickland* standard to a claim that a criminal defense lawyer

was constitutionally ineffective for failing to file a notice of appeal. Specifically, in *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court held that the two-prong *Strickland* test "applies to claims [ ] that counsel was constitutionally ineffective for failing to file a notice of appeal." The Court acknowledged its "long held" rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* The Court further acknowledged that a criminal defense lawyer's failure to file an appeal over his client's express request denies the defendant of an entire judicial proceeding which the "defendant wanted at the time and to which he had a right[,]" and a presumption of prejudice is thus warranted under such circumstances because a "presumption of reliability" cannot be accorded "to judicial proceedings that never took place." *Id.* at 483.

However, the Court continued, in the absence of a direct instruction from the defendant to appeal, the question of whether counsel's failure to appeal is constitutionally deficient depends upon "whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478. The Court emphasized that it "employed the term 'consult' to convey a specific meaning—advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel has consulted with the defendant, the failure to file an appeal is deficient only if it contradicts the defendant's instruction to appeal. *See id.* If, on the other hand, counsel has failed to consult, the court must consider whether this failure constitutes deficient performance. *See id.* In making this determination, a court should consider whether "(1) [ ] a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2)[ ] this particular defendant reasonably demonstrated that he was interested in appealing." *Id.* at 480.

If the court determines that counsel was ineffective for failing to consult with the defendant regarding an appeal, it must then be determined whether counsel's deficient performance prejudiced the defendant. In order to show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed". *Id.* at 482. In determining whether the defendant has made such a showing, it will often be "highly relevant" whether there are nonfrivolous grounds for appeal or whether the defendant promptly expressed a desire to appeal. *Id.* at 484–86.

Although the prejudice inquiry to some extent overlaps the deficiency inquiry, "they are not in all cases coextensive." *Id.* at 486. For example, a defendant may establish deficient performance by demonstrating that he indicated an interest in appealing, thereby triggering a duty to consult; however, "such evidence alone is insufficient to establish that, had the defendant received reasonable advice from counsel about the appeal, he would have instructed counsel to file an appeal." *Id.* In addition, a mere inability to identify nonfrivolous grounds for appeal does not automatically preclude a defendant from showing prejudice, particularly when a habeas petition is filed by an indigent, *pro se* defendant. *Id.* ("[I]t is unfair to *require* an indigent, perhaps *pro se*, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's

deficient conduct, he would have appealed.") (emphasis in original).

In summary, the following illustrates the legal rubric under which a defendant's claim of ineffective assistance of should be analyzed when the claim is based on counsel's alleged failure to file a timely appeal. If the defendant expressly instructed his counsel to file an appeal, and his counsel failed to do so in contravention of the defendant's request, the defendant has been denied his Sixth Amendment right to the effective assistance of counsel. *Roe*, 528 U.S. at 477, 483 ("The ... denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, [ ] demands a presumption of prejudice."); *Ludwig*, 162 F.3d at 459 ("We ... hold that the failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.")

If the defendant has not clearly conveyed his wishes as to whether he wants to file an appeal—i.e., he "neither instructs counsel to file an appeal nor asks that an appeal not be taken," a court must first ask "whether counsel in fact consulted with the defendant about an appeal." *Roe*, 528 U.S. at 478. When counsel has consulted with the defendant, then "the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* If the defendant instructed his counsel to appeal, and counsel acted in contravention thereof, prejudice is demonstrated. *Id.* at 483. When counsel has not consulted with the defendant regarding an appeal, the court must determine whether the failure to consult constitutes deficient performance under *Strickland.* "Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a

rational defendant would want to appeal (for example because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe,* 528 U.S. at 480. These inquiries involve a consideration of the totality of the circumstances. If it is found that defense counsel acted deficiently in failing to consult with the defendant, then the defendant must demonstrate that he was prejudiced by showing that "there is a reasonable probably that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe,* 528 U.S. at 484.

## B. Application of *Roe v. Flores–Ortega* and *Ludwig v. United States*

The district court found that Petitioner did not allege that he requested his attorney to file an appeal. However, in his application for a certificate of appealability, Petitioner claims that he did ask his attorney to take an appeal and that his claim in this regard is evident from his district court filings. Construing liberally Petitioner's *pro se* § 2255 motion and memorandum in support thereof, as we must, Petitioner's papers do raise this claim. Specifically, Petitioner's § 2255 motion and memorandum in support claim that "[o]n the advise [sic] of his attorney, no direct appeal was filed" (J.A. at 22); that "[t]rial counsel instructed petitioner that there was nothing to appeal in his case and in fact counsel failed to timely file a notice of appeal to contest grounds for relief and thereby foreclosed petitioner's opportunity to seek said relief" (J.A. at 28); and that "Petitioner's Constitutional [sic] rights to a direct appeal was [sic] foreclosed when counsel advised petitioner that no appeal could be filed in this case." (J.A. at 40).

In response to this Court certifying the issue before us for appeal, Petitioner continues to argue that

[l]awyers are not required to advise their clients of the right to appeal. However, the decision whether or not to appeal rests squarely with the defendant, and if the defendant objectively indicated his intent to appeal, he is entitled to a new appeal without any further showing. *Roe v. Flores–Ortega,* 528 U.S. 470 477, 120 S.Ct. 1029, 145 L.Ed.2d 985, 1000 (2000); *Ludwig v. U.S.,* 162 F.3d 456, 459 (6th Cir.1998): Failure to perfect an appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment.

Spence [Petitioner] did ask his attorney to appeal. Spence [Petitioner] stated his attorney instructed him he could not appeal. Before an attorney can respond in such a manner, he would have first been asked to file an appeal, obviously, or given clearly incompetent advice. The fact that his attorney instructed him so, raises the presumption that this was in response to an inquiry and request.

Appellant's *Pro Se* Reply Brief at 2.

In its brief on appeal, the government does not so much as mention *Roe* or *Ludwig;* rather, the government, in a total of one and one-half pages, states that it is relying on the district court's order denying Petitioner's § 2255 motion, reargues that Petitioner did not raise the issue that his counsel was ineffective for failing to file an appeal in his § 2255 motion or memorandum in support, and points out that Petitioner was provided an appeal packet at sentencing and that it is clear from the record that Petitioner was aware of his right to appeal, but that counsel advised him that there was nothing to appeal in this case.

When reviewing the denial of a § 2255 motion in a case where an evidentiary hearing has not been conducted, such as in the matter at hand, this Court will affirm only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see Baker v. United States,* 781 F.2d 85, 92 (6th Cir.1986). This standard for affirming the district court's denial of Petitioner's § 2255 motion is not met here. Rather, Petitioner's motion, files, and record clearly show that Petitioner requested that his counsel file an appeal, that his counsel refused to do so on the basis that "there was nothing to appeal in this case," and that his counsel "in fact [ ] failed to timely file notice of appeal" (J.A. at 28), thus establishing that Petitioner's counsel rendered ineffective assistance pursuant to *Roe* and *Ludwig. See Roe,* 528 U.S. at 483 ("The ... denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, [ ] demands a presumption of prejudice."); *Ludwig,* 162 F.3d at 459 ("[T]he failure to perfect a direct appeal when requested by the defendant violates the Sixth Amendment without regard to the probability of success on appeal.") Indeed, if Petitioner's counsel was of the belief that there were no meritorious issues to appeal, counsel was free to file the appeal along with a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, Petitioner's counsel was not allowed to foreclose Petitioner's right to an appeal based on his own beliefs.

Even if one were to maintain, as the majority does here, that this case presents the scenario wherein Petitioner did not clearly convey his desire to file an appeal to his counsel, thus triggering an inquiry under *Roe* into the threshold question of whether defense counsel consulted with Petitioner regarding an appeal, the result should be no different. *See Roe,* 528 U.S. at 478, 483. The record indicates that

defense counsel consulted with Petitioner and, contrary to Petitioner's expressed desire to appeal, defense counsel failed to do so on the basis that "there was nothing to appeal" (J.A. at 28), thus rendering ineffective assistance of counsel under the Sixth Amendment. *See id.* Indeed, despite this Court's order to brief the issue on appeal in light of *Roe* and *Ludwig,* the government has come forward with nothing to rebut this conclusion that Petitioner should prevail under this authority. And the majority's contention that Petitioner's papers "demonstrate only discussions with his attorney regarding the possibility of an appeal" is illogical and flies in the face of the record before us. Certainly Petitioner had to request or express his desire to appeal in order for counsel have "advised petitioner that no appeal could be filed in this case." (J.A. at 40.)

## C. Evidentiary Hearing as an Alternative

Although Petitioner is entitled to the relief requested, at the very least his case should be remanded to the district court for an evidentiary hearing. As the record currently stands, there is sufficient objective evidence to warrant an evidentiary hearing to determine whether Petitioner expressly instructed defense counsel to file an appeal. That is, the evidence indicates that Petitioner presented a meritorious claim, and Petitioner should therefore be allowed to further develop the record. *See Griffin v. United States,* 330 F.3d 733, 739–40 (6th Cir.2003) (remanding the petitioner's § 2255 motion to the district court for an evidentiary hearing where the petitioner "presented a potentially meritorious claim for ineffective assistance of counsel" while noting that the petitioner "deserve[d] the right to develop the record" in order to demonstrate prejudice).

## D. Conclusion

In light of *Roe* and *Ludwig,* the district court erred in failing to grant Petitioner's § 2255 motion. Therefore, this Court should reverse the district court's order denying Petitioner's § 2255 motion, and order that Petitioner be allowed to file a delayed appeal. *See Ludwig,* 162 F.3d at 459 (concluding that when it is determined that the petitioner was denied the effective assistance of counsel due to his counsel's failure to file an appeal over the petitioner's request, the petitioner is entitled to file a delayed appeal). In the alternative, Petitioner's case should be remanded for an evidentiary hearing.