*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 04a0413p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

ERIC MARTIN,

        *Petitioner-Appellant,*

    *v.*

WILLIAM OVERTON,

        *Respondent-Appellee.*

No. 03-1510

>

---

Appeal from the United States District Court
for the Western District of Michigan at Marquette.
No. 02-00204—Robert Holmes Bell, Chief District Judge.

Argued: September 22, 2004

Decided and Filed: December 1, 2004

Before: SILER, BATCHELDER, and ROGERS, Circuit Judges.

---

## COUNSEL

**ARGUED:** Joshua S. Goldwert, WILMER, CUTLER, PICKERING, HALE & DORR, Washington, D.C., for Appellant. **ON BRIEF:** Joshua S. Goldwert, Howard M. Shapiro, WILMER, CUTLER, PICKERING, HALE & DORR, Washington, D.C., for Appellant.

---

## OPINION

---

SILER, Circuit Judge. Petitioner Eric Martin appeals the recharacterization, without notice, of his pro se petition for medical treatment as an improper habeas corpus petition. Under the rule of *In re Shelton*, 295 F.3d 620 (6th Cir. 2002), however, Martin should have been afforded the opportunity to withdraw his petition prior to its recharacterization as a petition under 28 U.S.C. § 2254, or the district court should have dismissed his petition without prejudice to his potential 42 U.S.C. § 1983 claims. For the following reasons, we REVERSE and REMAND.

## BACKGROUND

Martin, a Michigan state prisoner, filed a pro se complaint in December 2002, in the United States District Court for the Western District of Michigan. Currently, Martin is incarcerated at Baraga Maximum Correctional Facility in Baraga, Michigan. He was previously housed at the Southern Michigan Correctional Facility in Jackson, Michigan. In April 2002, while at the Jackson facility, Martin underwent a bladder operation. His treating physician, Dr. Pinson, ordered a follow-up visit around May 18, 2002.

1

After the surgery, but before Martin could be reexamined by Dr. Pinson, Martin was transferred to the Baraga facility.

After he failed to attend his follow-up appointment, Martin filed a petition, styled as "Petition For Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241, seeking his return to the Jackson facility for treatment with Dr. Pinson. The district court interpreted, and recharacterized, the petition as a habeas corpus action pursuant to 28 U.S.C. § 2254. However, the court determined that the substance of Martin's petition was the alleged deprivation of adequate medical treatment, a subject more appropriately reached under 42 U.S.C. § 1983. The district court then applied Rule 4 of the Rules Governing § 2254 Cases in the District Courts and dismissed the petition with prejudice.

Martin appealed the dismissal. The appeal, interpreted as an application for a certificate of appealability, was granted as to 1) whether in light of *In re Shelton*, the district court erred by recharacterizing Martin's habeas corpus petition as brought under 28 U.S.C. § 2254 without giving Martin prior notice and an opportunity to withdraw the petition; and 2) whether the district court erred by not liberally construing the pro se petition as a civil rights complaint brought pursuant to 42 U.S.C. § 1983.

## STANDARD OF REVIEW

"This court reviews de novo the legal conclusions of the district court in a habeas corpus decision." *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Thus, the standard of review for summary dismissal of a habeas corpus petition under Rule 4 of the Rules Governing § 2254 Cases is also de novo. *See Scott v. Collins*, 286 F.3d 923, 927 (6th Cir. 2002). However, this matter is not entirely a dismissal of a § 2254 habeas petition.

The pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys, and are liberally construed when determining whether they fail to state a claim upon which relief can be granted. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Treating the district court's dismissal of the petition as a Federal Rule of Civil Procedure 12(b)(6) dismissal of the § 1983 claim, rather than the Rule 4 dismissal of the § 2254 claim, the standard of review is de novo. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

## DISCUSSION

### A.      Recharacterization of the Petition without Notice

As filed, Martin's petition for transfer to the Jackson facility for medical treatment was a habeas corpus petition pursuant to 28 U.S.C. § 2241. The district court determined that the claims asserted were more properly reached under 42 U.S.C. § 1983. The court then recharacterized the petition as one brought pursuant to 28 U.S.C. § 2254 and subsequently dismissed it with prejudice, as the claims asserted were inappropriate under § 2254. The recharacterization of the petition as a § 2254 petition may bar Martin from asserting a habeas challenge to his state sentence at a later date, due to the limitations of 28 U.S.C. § 2244. This possibility raises the first issue here, an apparently novel one in this court: does the rule of *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002), which requires notice before a petition is recharacterized as a § 2255 petition, apply to petitions recharacterized as § 2254 petitions? We answer yes.

The 28 U.S.C. § 2244(b) prohibition on "second or successive" § 2254 petitions is virtually identical to that placed on § 2255 filings. *Compare* 28 U.S.C. § 2244(b) *with* 28 U.S.C. § 2255. Indeed, "there is no meaningful way to distinguish between § 2254 and § 2255 with respect to the restrictions imposed by the AEDPA." *Mason v. Myers*, 208 F.3d 414, 418 (3d Cir. 2000); *see also Steverson v. Summers*, 258 F.3d 520, 523 n.4 (6th Cir. 2001) ("Title 28 U.S.C. § 2255 is essentially equivalent to § 2254, the former being a postconviction remedy for federal prisoners and the latter available to 'a person in custody pursuant to the judgment of a State court.'"). As a result, the Second and Third Circuits have begun imposing notice rules similar to the rule of *In re Shelton* to § 2254 recharacterizations. *See Mason*, 208 F.3d at 418 (applying the

rule of *United States v. Miller,* 197 F. 3d 644, 652 (3d Cir. 1999)); *Cook v. N.Y. State Division of Parole*, 321 F.3d 274, 282 (2d Cir. 2003) (adopting rule of *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998)).

*In re Shelton* holds, particularly regarding pro se litigants, that:

> "[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.

*In re Shelton*, 295 F.3d at 622 (internal citation omitted). "[C]onverting a *pro se* habeas petition filed under a statute not subject to the severe 'second or successive' restrictions of section 2244 (for state prisoners) or section 2255 (for federal prisoners) could cause the petitioner to forfeit unnecessarily and unintentionally a meritorious claim," *Cook*, 321 F.3d at 282, making notice prior to recharacterization necessary. Thus, following the lead of the Second and Third Circuits, the district court should have given Martin notice of the recharacterization.

Martin was not apprised by the court of its intention to recharacterize the petition. Nor was he afforded the opportunity to withdraw his motion and submit it as a § 1983 claim, rather than have it recharacterized. The record does not indicate if Martin would have been eligible to raise a § 2254 challenge to his sentence. Regardless, due to the failure of the district court to provide notice regarding the recharacterization, any subsequent § 2254 motion filed by Martin should be treated as the first such motion. *See Castro v. United States*, 124 S.Ct. 786, 792 (2003) (adopting the rule of *In re Shelton* and *United States v. Miller*); *In re Shelton*, 295 F.3d at 622 .

## B.      Construction of the Pro Se Complaint

Martin originally, and incorrectly, asserted in his petition that it was brought under § 2241. He did not challenge the terms or validity of his state prison term. Rather, he sought a transfer to a different prison facility for the purpose of medical treatment and civil damages resulting from the alleged delay and denial of that treatment. The district court recognized this, stating, "Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983." The district court then dismissed under Rule 4 of the Rules Governing § 2254 Cases in the District Courts, which allows the summary dismissal of a petition if "it plainly appears from the face of the petition ... that the petitioner is not entitled to relief in the district court." Rule 4. This raises the second issue, also rare in this court: should a pro se motion be recharacterized by the court from an apparent habeas petition to a civil rights claim? Here, we answer no.

The leniency granted to pro se petitioners, which Martin would stretch to its fullest, is not boundless. Pro se plaintiffs are treated to less stringent standards, but "they are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Traditionally the "leniency standard" has still required basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Arguably, hanging the legal hat on the correct peg is such a standard, and "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001) (dismissing a § 1983 suit brought as a § 2254 petition.)

Courts have recently dismissed cases similar to this one. In *Erwin*, 22 Fed.Appx. at 579-80, this Circuit concluded "that the district court did not err in dismissing the § 2254 petition for lack of subject matter jurisdiction, rather than construing the filing as a § 1983 suit." Similar "habeas" petitions have been dismissed without prejudice to a petitioner's potential § 1983 claims, allowing the prisoner to later bring any civil rights claims properly. *See Stewart v. Tristan*, 2002 U.S.Dist. LEXIS 3626, at \*6 (N.D. Cal. 2002) (Petition dismissed "without prejudice to petitioner filing a civil rights complaint under 42 U.S.C. § 1983."); *but see McGore v. Gundy*, 2000 U.S. Dist. LEXIS 11107 (W.D. Mich. 2000) (ordering the conversion of § 2254 petition to a § 1983 action where petitioner was obviously familiar with § 1983 proceedings but purposefully filed action incorrectly, and ordering petitioner to file an amended complaint).

The uncounseled citation of 28 U.S.C. § 2241 was an obvious mistake, yet the original dismissal of his habeas corpus petition was proper, as no grounds for habeas relief were established. And, although Martin is correct that substance, rather than labels, should control in legal proceedings, he does bear some responsibility for identifying his own claims before the court. Therefore, following the reasoning of *Erwin,* the district court should have dismissed the petition without prejudice to allow Martin to raise his potential civil rights claims properly as a § 1983 action.

The decision of the district court is REVERSED and REMANDED for further proceedings in accordance with this opinion.