NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0949n.06

No. 10-3226

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Aug 27, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| REGINALD PURNELL, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | SOUTHERN DISTRICT OF OHIO |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:      GUY and CLAY, Circuit Judges; HOOD, District Judge.[*]

DENISE PAGE HOOD, District Judge.  Defendant Reginald Purnell appeals the denial

of his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), seeking

to reopen his 28 U.S.C. § 2255 motion.  On appeal, Purnell argues that he was actually innocent

of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951, to which he entered a plea of guilty.

For the reasons stated below, we **AFFIRM** the district court's ruling.

**I.**

On August 16, 2005, a confidential informant (CI) with the Bureau of Alcohol, Tobacco,

and Firearms (ATF) contacted codefendant Zechariah Barber to arrange purchase of a firearm and

a quarter ounce of crack cocaine.  The CI had purchased crack cocaine from Barber on other

_____

[*]The Honorable Denise Page Hood, United States District Judge for the Eastern District of Michigan,
sitting by designation.

occasions. That evening, Barber and Purnell arrived at the CI's residence. Purnell pulled a firearm from his waistband and pointed it at the CI's head. Barber took $650 of pre-recorded government funds from the CI, which was provided to the CI to purchase drugs and a firearm. Barber and Purnell requested additional money and ordered the CI upstairs where they bound the CI's hands and feet. Purnell and Barber then went downstairs and took various items from the CI's residence, including dvds, cash, a wallet, a social security card, a birth certificate, and a Play Station controller. The entire incident was videotaped by the ATF.

Upon leaving the residence, Purnell and Barber fled by car and were pursued by ATF agents and members of the Columbus Police Department. Two small baggies were tossed from the car during pursuit. The contents of these baggies later tested positive for cocaine. Barber and Purnell were arrested and taken into custody.

On September 15, 2005, the grand jury returned a five-count indictment against Purnell and Barber. Purnell was charged with two counts of possession of more than five grams of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(iii), 846 and 18 U.S.C. § 2, and one count of brandishing a firearm in relation to a drug trafficking offense. The government provided a superseding information on November 9, 2005, charging Purnell with robbery in violation of 18 U.S.C. §§ 1951 and 2, and brandishing a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(A). Purnell pled guilty to both counts in the superseding information. Barber also accepted a plea. The district court sentenced Purnell to a term of 64 months imprisonment for robbery and 84 months, the mandatory minimum, for brandishing

a firearm to run consecutively. The district court also sentenced him to a term of three to five years supervised release to run consecutively. On appeal, this Court affirmed the sentence.

Subsequent to this appeal, Purnell filed a number of motions with the district court. Purnell filed an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on November 18, 2007. Purnell argued in this motion that his counsel was ineffective for failing to raise the issue of whether Purnell's conduct was sufficient to satisfy jurisdiction under the Hobbs Act. Purnell further contended that he was actually innocent of robbery under the Hobbs Act. Because he did not have the requisite intent since he did not know that the victim was a CI or about his co-defendant's previous interactions with the CI. He asserted that he was "coached and coerced into pleading guilty to a crime that is not covered by" 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Purnell argued that he should not be allowed to plead to charges that are not covered by statute.

Purnell requested to amend his motion to add a claim that the district court lacked jurisdiction. He later moved to supplement his motion to argue that his counsel's ineffectiveness resulted in double jeopardy, a violation of the due process right to a fair trail, and violation of the right to be informed of the charges against him. He later requested that the court allow him to add a claim for judicial misconduct. The magistrate judge denied Purnell's request to add claims for lack of subject matter jurisdiction, double jeopardy, and judicial misconduct because the one-year statute of limitations had expired on the claims. The magistrate judge allowed Purnell to amend his motion to include the claims that his counsel's ineffectiveness denied him the right to fair trial and right to be informed of charges against him related back to the initial motion to vacate.

In response to Purnell's motion, the government provided the affidavit of Alison Clark, Purnell's trial attorney. She indicated that Purnell's case was difficult due to the existence of videotape evidence. She sought to secure the shortest sentence possible, which she believed would be the robbery under the Hobbs Act and brandishing a firearm. In return for Purnell accepting a guilty plea, the Government did not pursue additional charges against him and Purnell's sentence exposure was reduced by three levels. The magistrate judge found "[t]he record indicate[d] that counsel made a reasonable strategic decision, after investigation, that petitioner faced probable conviction under the Hobbs Act, and that a guilty plea to that charge, as opposed to the drug charges, would result in a less severe sentence." The magistrate judge also determined that Purnell's actual innocence claim was without merit because the record showed Purnell's guilty plea was knowing, intelligent, and voluntary. On June 4, 2009, the district court accepted the magistrate judge's report and recommendation, over Purnell's objection, and dismissed the case.

Purnell then filed a motion to dismiss arguing that the district court did not have jurisdiction over the geographic area where the offense took place. In denying the motion, the district court noted that 18 U.S.C. § 3231 gives federal courts jurisdiction over "all offenses against the laws of the United States" and Article I, section 8 of the United States Constitution allows Congress to create and punish crimes regardless of where they were committed. The district court concluded that Purnell's plea conferred jurisdiction. The district court also noted that Purnell's claim was more appropriate for a section 2255 motion and that a successive section 2255 motion required consideration by this Court.

Purnell next filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Therein Purnell argued that the Assistant United States Attorney (AUSA) had committed fraud on the district court by wrongfully invoking subject matter jurisdiction. Purnell noted that leave to amend his section 2255 motion was requested before the action was dismissed and should have been freely given. The district court found that these arguments "mirror[ed] those made in Purnell's Motion to Dismiss for Lack of Jurisdiction" and denied the motion.

Purnell filed a motion for a certificate of appealability on February 22, 2010. The district court denied Purnell's request noting that reasonable jurists would not debate whether the denial of Purnell's Rule 60(b) motion was proper and that appeal of the denial of the section 2255 motion was untimely. We granted Purnell a certificate of appealability. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

### A.

We review the district court's denial of Purnell's Rule 60(b) motion for abuse of discretion. *Workman v. Bell*, 484 F.3d 837, 839–40 (6th Cir. 2007).[1] The district court's ruling should be affirmed unless there is "a definite and firm conviction that the trial court committed a clear error of judgment." *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989) (citing *Balani v. INS*, 669 F.2d 1157, 1161 (6th Cir. 1982)). Such error occurs when the district

---

[1] Purnell provides the Court with the standard of review for a denial of a section 2255 motion and the standard of review for denial of a Rule 60(b) motion. This Court did not specify the issue certified for appeal; the certificate of appealability was issued after the district court entered its order denying Purnell's Rule 60(b) motion. An appeal from the order denying the section 2255 motion would be untimely. Fed. R. App. P. 4(a)(1)(B) (In a civil case "[t]he notice of appeal may be filed by any party within 60 days after entry of the judgment or order appealed from if one of the parties is . . . the United States").

court applies the incorrect legal standard, misapplies the legal standard, or relies on clearly erroneous findings of fact. *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 623 (6th Cir. 2008).

## B.

Purnell argues that his conduct did not violate federal law because the Hobbs Act does not cover the robbery of an individual in a private home. He contends that the district court did not address this argument below and, therefore, the district court erred in denying his Rule 60(b) motion. The government counters that Purnell's Rule 60(b) motion was not a successive motion and was properly denied by the district court. The government also asserts that the district court considered Purnell's actual innocence argument and the Rule 60(b) motion did not raise a claim of actual innocence.

Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a district court's final judgment or order for a limited number of reasons: (1) mistake, (2) newly discovered evidence, (3) fraud, (4) void judgment, (5) satisfied, discharged or released judgment, or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A true Rule 60(b) motion does not attack "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzales v. Crosby*, 545 U.S. 524, 532 (2005). In a habeas case, when "[a] Rule 60(b) motion . . . attempts 'to add a new ground for relief '[it] is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion." *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzales*, 545 U.S. at 532). A Rule 60(b) motion that attacks the resolution of a former claim on the merits will also

be considered a section 225 motion. *Id.* at 1023. A successive motion to vacate that is simply labeled as a Rule 60(b) motion should be transferred to this Court. 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631; *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

In the Rule 60(b) motion, Purnell relied on subsection (3) to argue that the AUSA perpetrated a fraud on the district court by wrongfully invoking subject matter jurisdiction. He asserts that a Rule 60(b) motion is also the proper mechanism to request relief when the district court has failed to address a habeas claim. *See Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006) (noting that "[t]he defect lies not in the district court's resolution of the merits . . . , but in its failure to make any ruling on a claim that was properly presented") (citing *Gonzales,* 545 U.S. at 532). However, Purnell's Rule 60(b) motion does not argue that the district court failed to address the actual innocence claim in its resolution of the section 2255 motion. Rather, Purnell argued that his request to amend the section 2255 motion to include a subject matter jurisdiction challenge was improperly denied.[2] He contended that "the evidence clearly demonstrate[d] that no district court of the United States [had] valid statutory jurisdiction over any offense under either Titles 18 or 21." He further claimed that the AUSA frauded the district court by prosecuting the crime in the absence of jurisdiction.

Even a liberal reading of the section 2255 motion is not indicative of an actual innocence argument. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (noting that "liberal construction [of a pro se petitioner's pleadings] does not require a court to conjure allegations on

---

[2]Purnell asked that the district court "set aside the [section 2255 motion] judgment . . . ; permit the record to be enlarged by the amendment sought . . . ; and reach the merits sought to have been made part of this case, that would conclusively demonstrate the fraud perpetuated by the Assistant United States Attorney."

a litigant's behalf") (quoting *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001)). It appears that Purnell was attempting to argue that the district court did not have jurisdiction over his claim because the offense was not committed on federal land. There was no new substantive claim; Purnell had already challenged the district court's jurisdiction in his previous motion to dismiss. Purnell's claim attacked the integrity of the criminal proceedings due to the AUSA's decision to prosecute, knowing that the district court lacked jurisdiction.

The district court denied Purnell's Rule 60(b) motion as a successive petition under 28 U.S.C. § 2244(b)(3) because it had already addressed his claim when it denied his motion to dismiss for lack of subject matter jurisdiction. Although the district court found that the motion was successive, which would have required it to transfer the motion to this Court, the district court did not abuse its discretion. There could be no fraud based on the AUSA's wrongful assertion of subject matter jurisdiction when the district court already determined that it had jurisdiction based on Purnell's violation of three federal statutes.

## C.

On appeal, Purnell refashions his argument below into a challenge of the government's ability to meet the jurisdictional element of the Hobbs Act. Nowhere in the Rule 60(b) motion does Purnell argue or suggest that he was actually innocent because the jurisdictional element of the Hobbs Act was not met.

Generally, the Court does not consider arguments that are raised for the first time on appeal. *See United States v. Ellison,* 462 F.3d 557, 560 (6th Cir. 2006). However, considering Purnell's argument, the Hobbs Act punishes an individual who, "in any way or degree obstructs,

delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation . . .” 18 U.S.C. § 1951(a). The Hobbs Act requires that the government prove “two elements: (1) interference with interstate; (2) in the course of a substantive criminal act.” *United States v. Ostrander*, 411 F.3d 684, 691 (6th Cir. 2005).

When the robbery involves a private individual and not a business enterprise, the government must show that there is a substantial connection between the private individual and the business engaged in interstate commerce. *United States v. Wang*, 222 F.3d 234, 239–40 (6th Cir. 2000). A substantial connection may be shown if there was a large number of victims, a large sum of money involved, or the defendant was motivated by or knew of the victim's connection to interstate commerce. *Id.*

Citing *Waucaush v. United States*, Purnell urges the Court to set aside his guilty plea. 380 F.3d 251 (6th Cir. 2004). In *Waucaush*, this Court set aside the petitioner's guilty plea to a RICO charge because the record did not support an interstate connection. 380 F.3d at 256–58 (finding that the enterprise “was intrastate, noneconomic, and without substantial effects on interstate commerce”). We noted that the government failed to provide any evidence that there was an economic component to the crime charged. *Id.* at 257 (“Even if we assume that some of the people that the CFP killed were drug-dealers, we have no evidence that they were dealing drugs or carrying drug money when they were killed, or that their deaths significantly disrupted the interstate market for drugs.”). Based on the lack of evidence that the enterprise affected

interstate commerce, we concluded that the defendant was "actually innocent of violating RICO." *Id.* at 258.

Here, Purnell's reliance on *Waucaush* does not dictate the same result. Purnell went to the CI's home under the guise of an economic transaction: the sale and purchase of a firearm and cocaine. The sale of a firearm has been found to affect interstate commerce. *See United States v. Fish*, 928 F.2d 185, 186 (6th Cir. 1991). The sale of cocaine invariably affects interstate commerce. *See United States v. Cecil*, 615 F.3d 678, 691–692 (6th Cir. 2010); *Ostrander*, 411 F.3d at 692.

Purnell and his co-defendant went to the CI's home for the sole purpose of purchasing drugs and a firearm. In anticipation of this transaction, the CI had secured pre-recorded government funds or "buy money." It could be assumed that Purnell knew that the CI would have money to complete the transaction. Instead of completing the drug transaction, Purnell brandished a firearm and robbed the CI of the "buy money" and other items. The robbery significantly depleted the CI's assets to purchase cocaine. *See Waucaush*, 380 F.3d at 257 (noting that there was no evidence that the gang charged with RICO activity killed drug-dealers, or that those individuals killed were carrying drug money when they were killed); *United States v. Turner*, 272 F.3d 380, 387 (6th Cir. 2001) (finding that the government had failed to show *de minimis* effect on interstate commerce when it could not demonstrate that the business robbed was actively engaged in interstate commerce or that the robbery would have hindered the business' ability to engage in interstate commerce); *Wang*, 222 F.3d at 240 (finding jurisdictional nexus not satisfied when defendant "robbed private citizens in a private residence of approximately $4,200,

a mere $1,200 of which belonged to a restaurant doing business in interstate commerce"). Unlike the defendants in the above-mentioned cases, the purpose of the meeting, albeit a guise, was to engage in a drug and firearm transaction. This transaction was only thwarted by Purnell's commission of the robbery. Purnell's act deprived the CI of his "buy money" to make a drug transaction involving interstate commerce. The parties in *Wang*, *Turner*, and *Waucaush* were not brought together based on an economic transaction. In *Wang* and *Turner* there was no connection to interstate commerce beyond the money taken. Purnell's very relationship with the CI was based solely on interstate commerce and an economic transaction. This jurisdictional nexus is sufficient to defeat Purnell's actual innocence claim

However, the Court need not determine whether there was actually a sufficient jurisdictional nexus between the victim and interstate commerce because Purnell accepted a guilty plea. Unlike the defendants in *Wang* and *Turner*, Purnell did not proceed to trial and the government did not present evidence to demonstrate a jurisdictional nexus. "A voluntary and unconditional guilty plea waives all non-jurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). To challenge jurisdiction, Purnell must show that the face of the indictment did not charge the elements of a federal offense. *Turner,* 272 F.3d at 389–90 (finding that defendant had admitted the facts supporting the indictment and had, therefore, waived his challenge to the government's failure to prove a connection between the crime and interstate commerce when he accepted an unconditional guilty plea). Under the Hobbs Act, "the failure of the government to prove a nexus between the crime and interstate commerce

is not jurisdictional in the sense that it deprives the district court of subject matter jurisdiction." *Id.* at 390.

Purnell does not argue that the indictment itself was insufficient, but rather that his conduct did not form the basis of a federal crime. At the arraignment, the facts supporting the superseding information were read into the record and the district court asked Purnell whether he accepted the facts. Purnell did not object and he plead guilty to the charges. Purnell "admitted the factual basis for jurisdiction as charged in his indictment . . . [and, therefore, his] challenge is nonjurisdictional and has been waived." *Turner,* 272 F.3d at 390.

## III.

For the reasons stated above, we **AFFIRM** the district court's denial of the Rule 60(b) motion.