[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11449
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00309-WTH-PRL

JORGE LUIS RIVAS,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP I,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 12, 2018)

Before ED CARNES, Chief Judge, WILLIAM PRYOR, and ANDERSON, Circuit
Judges.

PER CURIAM:

Jorge Luis Rivas, a state prisoner proceeding pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.

A Florida state court sentenced Rivas in 1984 to consecutive life sentences for first degree murder and kidnapping and a consecutive fifteen-year sentence for solicitation to commit a first degree felony. He was later transferred to a federal prison under a housing contract between Florida and the federal government. In January 2014 the Florida Parole Commission denied him parole, and two months later it declined his request to review that denial. Rivas then filed this 28 U.S.C. § 2241 petition in June 2015, alleging that the Commission erred by (1) committing an ex post facto violation by using the wrong set of guidelines for its decision, (2) ignoring evidence of his rehabilitation, and (3) relying on fabricated evidence. The district court dismissed his petition for lack of subject matter jurisdiction on the ground that the federal warden is not the proper respondent because Rivas is serving a state sentence, albeit in a federal prison. The court also noted that Rivas' proper remedy was to file a petition under 28 U.S.C. § 2254, subject to that statute's procedural requirements. See 28 U.S.C. § 2254(a) (providing that a "person in custody pursuant to the judgment of a State court" may petition for a writ of habeas corpus). This is Rivas' appeal.

We review de novo the availability of relief under 28 U.S.C. § 2241. Dohrmann v. United States, 442 F.3d 1279, 1280 (11th Cir. 2006). The district

2

court was wrong to dismiss Rivas' petition for lack of subject matter jurisdiction on the ground that the federal warden is not the proper respondent. He is. See Rumsfeld v. Padilla, 542 U.S. 426, 435, 124 S. Ct. 2711, 2718 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not . . . some . . . remote supervisory official."). Although the Florida Parole Commission has final authority as to whether Rivas is released on parole, the Padilla Court explained that "identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged 'custody.'" Id. at 439, 124 S. Ct. at 2720. As a result, the federal warden is the proper respondent. See id. ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 673 (7th Cir. 2003) ("[The] custodian is the person having a day-to-day control over the prisoner.") (quotation marks omitted).

The district court had jurisdiction over Rivas' petition. But as the court noted, Rivas is subject to the procedural requirements of § 2254 because he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); see Thomas v. Crosby, 371 F.3d 782, 787 (11th Cir. 2004) ("If the terms of § 2254

3

apply to a state habeas petitioner — i.e., if he is 'in custody pursuant to the judgment of a State court' — then we must apply its requirements to him.").

Before determining whether Rivas satisfies the § 2254 procedural requirements, the district court must follow the requirement of the Castro decision. The Supreme Court held in Castro v. United States, 540 U.S. 375, 383, 124 S. Ct. 786, 792 (2003), that where a lower court decides to recharacterize a pro se litigant's motion as a first 28 U.S.C. § 2255 motion, the court "must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions," and give the litigant a chance to "withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." That same principle applies where a district court recharacterizes a pro se pleading as a § 2254 motion because § 2254 motions are also subject to second or successive restrictions. 28 U.S.C. § 2244(b)(1)–(2); see Martin v. Overton, 391 F.3d 710, 713 (6th Cir. 2004) (concluding that the notice requirement applies to "petitions recharacterized as § 2254 petitions"); Cook v. N.Y. State Div. of Parole, 321 F.3d 274, 277–78, 282 (2d Cir. 2003) (concluding that the district court properly treated a pro se § 2241 petition challenging a parole revocation hearing as a § 2254 application, but remanding the case so that the petitioner could

4

withdraw his petition to avoid any second or successive restrictions on future applications).

After the district court gives Rivas the notice and opportunity to withdraw required by Castro, if he chooses to proceed with his motion the district court should then determine whether Rivas can satisfy § 2254's procedural requirements. If he can, then the district court can decide the merits of Rivas' claims.

**VACATED AND REMANDED.**