NOT RECOMMENDED FOR PUBLICATION
File Name:  20a0090n.06

No. 19-1545

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Feb 06, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| MARCUS KELLEY, | ) | |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| DEWAYNE BURTON, Warden, | ) | |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

BEFORE:  MERRITT, CLAY, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

A Michigan jury convicted petitioner Marcus Kelley of multiple drug crimes after an informant recorded him trafficking large quantities of drugs. *People v. Kelley*, 2013 WL 5763056, at *1 (Mich. Ct. App. Oct. 24, 2013) (per curiam).  Shortly thereafter, news reports surfaced concerning the detective who, during petitioner's trial, both sat at the prosecutor's table and testified about his investigation of Kelley.  Specifically, it was reported that Oakland County Sheriff's Office Detective Mark Ferguson lied during a preliminary hearing in an unrelated drug case.  Oakland County fired Ferguson and the prosecutor's office reviewed the detective's then-pending cases, dismissing those without independent sources of evidence.  Kelley's case continued, however, and his subsequent challenges to his convictions and sentences in direct and post-conviction proceedings in Michigan's courts were unsuccessful.  *See id.*; *see also People v. Kelley*, 903 N.W.2d 563 (Mich. 2017), *reconsideration denied*, 908 N.W.2d 895 (Mich. 2018);

*People v. Kelley*, 843 N.W.2d 516 (Mich. 2014), *reconsideration denied*, 852 N.W.2d 160 (Mich. 2014).

So Kelley petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. His petition presented four claims, only one of which (Claim Four) is pertinent. That claim asserted Kelley "was denied due process of law where newly discovered evidence indicated that *the prosecutor used perjured testimony* at trial [and] proof of this false testimony was not available prior to petitioner's trial." (Emphasis added and capitalization omitted). Following the state's court-ordered response, the district court granted a conditional writ on this claim (and did not address the others). *Kelley v. Burton*, 377 F. Supp. 3d 748 (E.D. Mich. 2019). In doing so, it recast Claim Four from a perjured-testimony claim to a *Brady*-withholding claim (as well as an ineffective-assistance-of-counsel claim for failing to raise a *Brady*-withholding claim).[1] *Id.* at 752, 755.

On de novo review, we conclude the district court erred in granting a writ on a claim that was not properly before it. *See Braxton v. Gansheimer*, 561 F.3d 453, 457 (6th Cir. 2009). Claim Four advanced a perjured-testimony claim, not a *Brady*-withholding violation, and Kelley rightly concedes as much. The question then is whether we should excuse his failure to plead such a claim by way of the district court's reconstruction of Claim Four. We decline to do so.

First, a district court may not "create a claim which [a party] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *see also Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (similar). Kelley is represented by

---

[1]A conventional *Brady* violation occurs when a prosecutor suppresses "evidence favorable to an accused . . . where the evidence is material either to guilt or to punishment." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). This includes evidence undermining witness credibility, like impeachment evidence. *United States v. Bagley*, 473 U.S. 667, 676–77 (1985). A traditional *Brady*-withholding claim differs from the perjured-testimony claim asserted in Claim Four. *Rosencrantz v. Lafler*, 568 F.3d 577, 583–84 (6th Cir. 2009).

counsel, so he is not entitled to "a liberal construction" of his petition. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). And even if he were so entitled, "liberal construction does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (brackets and citation omitted). The district court therefore erred in construing Kelley's petition to include a claim Kelley did not present.

Second, the pleading standards for habeas petitions are "more demanding" than those under Federal Rule of Civil Procedure 8(a)—and for good reason. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Rule 2(c) of the Rules Governing Section 2254 Cases mandates that a petition, among other things, "specify all grounds for relief available to the petitioner." "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to show cause why the writ should not be granted." *Mayle*, 545 U.S. at 656 (internal quotation marks omitted). Rule 2(c) therefore helps put a state on notice of what claims a petitioner brings so it can properly respond to them. But here, the district court's post-briefing construction of Kelley's petition to include a *Brady*-withholding claim prevented the state from doing so.

In sum, we reverse the district court's grant of a conditional writ of habeas corpus, and remand for proceedings consistent with this opinion.[2]

---

[2]Because we conclude Kelley's petition did not include a *Brady*-withholding claim, we express no views as to the viability of such a claim (including whether, as the state suggests, it is procedurally defaulted).