# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-1336

_____

Diw Bol Kiir

*Plaintiff - Appellant*

v.

North Dakota Public Health; Ross Brandborg; Brandborg & Gast; Fargo Police
Department; Officer Patrick Meyer

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: April 7, 2016
Filed: June 7, 2016
[Unpublished]

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

South Dakota inmate Diw Kiir appeals following the district court's dismissal
without prejudice of his 42 U.S.C. § 1983 action. We affirm in part and remand in
part.

Kiir filed his original complaint in September 2015, alleging, among other things, that an unnamed North Dakota public health doctor who treated him while he was detained in the Cass County, North Dakota, jail persisted in prescribing a medically unnecessary drug that has had a long-term detrimental effect on Kiir's health. In subsequent filings, Kiir asked to amend his complaint to add and delete various defendants and claims, and to modify the relief he sought. Two defendants were dropped in accordance with Kiir's October 20 request. The district court granted Kiir's two October 27 requests to amend, dropping two more defendants and adding two new defendants and additional claims, including a Fourth Amendment claim against a Fargo, North Dakota, police officer and the Fargo Police Department. The district court addressed and dismissed only the Fourth Amendment claim, while also denying as moot Kiir's other claims for relief.

It appears to us that Kiir's two October 27 requests to amend were intended to supplement, rather than to supplant, the original complaint, with the result that the original complaint and two amendments should have been read together as constituting Kiir's complaint. See Fed. R. Civ. P. 8(e) (pleadings must be construed so as to do justice); cf. Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam) (pro se complaint must be liberally construed; amended complaint standing alone failed to state claim but plaintiff referenced original complaint in amended complaint and clearly intended to have both complaints read together).

Whether the allegations set forth in these documents state a deliberate-indifference claim is a matter to be determined in the first instance by the district court, along with Kiir's February 5, 2016, motion to dismiss all defendants other than North Dakota Public Health.

We affirm the dismissal of Kiir's Fourth Amendment claim, as well as the other collateral rulings related thereto. We remand the case to the district court for

consideration of whatever claim or claims may remain in light of our opinion and of Kiir's motion to dismiss.

_____