NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0027n.06

No. 22-6049

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DEVIN D. MCGUIRE,

    Plaintiff-Appellant,

v.

LOUDON COUNTY, TENNESSEE and LOUDON
COUNTY JAIL,

    Defendants,

JAILER BROCKWELL, JAILER WARD, and
CAPTAIN KEENER,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 19, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF TENNESSEE

OPINION

Before: GRIFFIN, BUSH, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Devin McGuire, an inmate housed in Loudon County Jail, filed

a complaint alleging that the jail and its correction officers violated his Eighth Amendment rights.

The district court dismissed McGuire's case under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for

failure to state a claim. For the reasons set forth below, we AFFIRM in part, VACATE in part,

and REMAND to the district court.

I.

In June 2022, Devin McGuire, proceeding pro se, sued the Loudon County Jail and

correction officers Brockwell, Ward, and Myers, under 42 U.S.C. § 1983, alleging excessive force.

McGuire initiated his suit using a complaint form. The form did not ask him to specify whether

he was suing defendants in their individual or official capacities, and McGuire did not otherwise

indicate the capacity in which he was suing the officers. A few days later, McGuire filed a "Follow up letter" consisting of four handwritten pages. The letter repeated the allegations against the correction officers contained in the initial complaint and also set forth new allegations of excessive force perpetrated by a new officer, Captain Keener, several days after McGuire sent his initial complaint. McGuire attached a copy of his initial complaint to the letter. Again, he did not indicate whether he wished to sue defendants in their official or individual capacities.

In July 2022, McGuire filed another prisoner complaint form—this one a little different than his last. He listed Loudon County, not Loudon County Jail, as a defendant and added Keener as a defendant based on the second incident detailed by McGuire in his "[f]ollow up letter." Unlike the first form, this complaint form contained check boxes under each defendant's name where the plaintiff could check "Individual capacity" or "Official capacity." McGuire checked the individual capacity box for Keener and the official capacity boxes for Blackwell, Ward, and Myers. He attached four handwritten pages that were titled, "Short Summary and Complaint" and "Short Summary." In those pages, he said that he was "writing a quick summary of what happened in case [the court] need[ed] to know ag[a]in" and indicated that he wished "to keep things moving along" with his lawsuit. R. 5, July 2022 Filing, PageID 51.

In October 2022, McGuire filed yet another prisoner complaint form. This time McGuire named Loudon County Jail (not Loudon County) as a defendant; he also named Keener, Ward, and Brockwell and checked the official capacity boxes for these defendants. Myers was not named in this form. McGuire attached a one-page handwritten document to his filing, titled "Short Summary," briefly reiterating the same allegations against defendants. In it, he noted again that he "wish[ed] to che[]ck [the] progress on [his] case." R. 6, October 2022 Filing, PageID 65.

A week later, the district court screened his complaint under the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915A(b)(1). The court construed McGuire's October 2022 filing—the pleading containing the least information—as a motion to amend his complaint, granted the motion, and considered only the allegations set forth in that filing. The court then determined that McGuire had failed to state a claim and dismissed the case. It explained that Loudon County Jail is not a "person" subject to liability under § 1983 and that, even if the court were to construe the complaint as suing Loudon County, the claim would still fail because McGuire did not allege that a Loudon County custom or policy caused a violation of his constitutional rights. And because the court determined—based on McGuire's marking of the "Official capacity" boxes—that McGuire had sued Keener, Ward, and Brockwell in their official capacities, those claims were equivalent to claims against Loudon County and failed for the same reason.

McGuire appeals. He is now represented by counsel. Because the court below dismissed the case at the PLRA screening stage, the defendants have not been served. Consequently, no response brief has been filed.

II.

McGuire does not challenge the district court's dismissal of the claims against Loudon County Jail (or Loudon County) or its dismissal of the official capacity claims against the jailers. And we do not disturb the district court's judgment as to those claims. Instead, McGuire argues that the court erred in sua sponte construing his October 2022 filing as a motion to amend his complaint and in concluding that this filing superseded his prior pleadings. He contends the court should have found that his October 2022 filing supplemented, not superseded, his previous filings, or that the court should have read his October 2022 filing to incorporate his earlier filings by reference. Had the court done this, McGuire says, it would have determined that he intended to

sue the jailers in their individual capacities and that he stated a claim for relief under § 1983. We review decisions granting or denying leave to amend for an abuse of discretion, *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015), but we review the district court's decision to recharacterize a party's pleading de novo, *see Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 583–84 (6th Cir. 2004).

The district court erred by treating McGuire's October 2022 filing as a motion for leave to file a new complaint that superseded all prior filings. "The pleadings of pro se petitioners are held to less stringent standards than those prepared by attorneys . . . ." *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). There is no indication in the October 2022 filing that McGuire intended to undo all the work he had already done. *See Tolliver v. Noble*, 752 F. App'x 254, 266 (6th Cir. 2018) ("[W]hen . . . pleadings are filed by pro se plaintiffs, the court may consider additional, supporting documents which either serve to elaborate on a complaint or amend the initial filing."). Rather than describe the allegations in detail, as he had done previously, McGuire's October 2022 filing merely attached a "Short Summary" outlining them. R. 6, October 2022 Filing, PageID 65. The allegations, though summarized, were the same allegations offered in support of his claims in the prior filing. McGuire did not ask for leave to amend a prior filing. He also said that he "wish[ed] to check [the] progress o[f] [his] case," suggesting that he was not trying to start over with a new complaint but instead wished to move his case (and the prior filings) along. *Id.* Finally, nothing in the October 2022 filing *contradicts* his prior filing, either in the facts or the law. Though McGuire previously indicated that he was bringing individual capacity claims against the jailers (or said nothing at all), nothing precluded him from also pursuing official capacity claims. *Cf. Mitchell v. Chapman*, 343 F.3d 811, 823 (6th Cir. 2003). In sum, we are not persuaded that McGuire intended his October 2022 filing to supersede his prior filings. *See Kiir v. N. Dakota*

*Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016) ("It appears to us that Kiir's two October 27 requests to amend were intended to supplement, rather than supplant, the original complaint, with the result that the original complaint and two amendments should have been read together as constituting Kiir's complaint."); *see also Tolliver*, 752 F. App'x at 265–67 (considering "additional documents" to be additions to the plaintiff's pleadings, "rather than . . . new, unconnected documents that raise novel legal issues").

We therefore vacate the judgment in part, leaving in place the unchallenged dismissal of the claims against Loudon County Jail (or Loudon County) and the official capacity claims against the remaining defendants. On remand, the district court should consider whether all of McGuire's filings read together raise individual capacity claims against all defendants and whether those claims satisfy Federal Rule of Civil Procedure 12(b)(6).

\* \* \*

We AFFIRM in part, VACATE in part, and REMAND for further proceedings.